L. J. HASS ET AL. v. FRANCES E. HASS, J. A. GAITHER, ADMINISTRATOR OF MARY E. HASS, DECEASED, AND THE STATE SCHOOL FOR THE BLIND AND DEAF.

(Filed 6 June, 1928.)

**1. Wills—Construction—Designation of Devisees and Legatees—Ambiguity—Charitable Institutions.**

A devise to a State charitable institution will not be defeated for a mistake in the name, when the institution, existing under statutes which have slightly changed its name from time to time, was generally known, when the devise was made, under the name designated in the will.

**2. Same—Charitable Institutions—Judicial Notice.**

The courts will take judicial notice of the name of an institution incorporated by the General Assembly for charitable purposes, and a slight error in the name of the institution in a devise will not defeat the gift if the intent of the testator as to the particular institution of that character is made to appear either by a construction of the writing or proper extrinsic evidence.

**3. Same—Evidence.**

Where a State charitable institution, incorporated by statute, and generally known at the time by a particular name, the use of this name by the testator is evidence that he intended this institution as the beneficiary, especially when there is no similar institution in existence.

**4. Wills — Construction — Estates and Interests Created — Presumption Against Intestacy.**

A devise of "all of my property, both real and personal" to A. for life, with a later item "Whatever remains of my estate" to B. where there is no other disposition of the estate, vests the remainder in both the real and personal property in B.

**5. Same—Restraint Upon Alienation—Charitable Institutions.**

Where a devise in remainder "it is my will that my real estate not be sold, but that the rents and profits for ninety-nine years be paid" to the authorities of a charitable institution for the use of the inmates, vests a fee simple absolute in the trustees for the use of the charity, being either the intent of the testator, or the limitation being void as an attempted restraint upon alienation.

APPEAL by plaintiffs from *Finley, J.,* at January Term, 1928, of CATAWBA. Affirmed.

Civil action for the recovery from defendant, Frances E. Hass, of damages for the wrongful cutting by her of timber on land described in the complaint, and for the construction of the last will and testament of Mary E. Hass, deceased, in order to determine the title to said land, as between plaintiffs, heirs at law of Mary E. Hass, and defendants, other than J. A. Gaither, administrator, claiming under said will.

By consent, the facts involved in the controversy were found ·by the court from the evidence.

From the judgment upon the facts found by the trial court plaintiffs appealed to the Supreme Court.

*A. A. Whitener and Jesse C. Sigmon for plaintiffs.*

*Attorney-General Brummitt, Assistant Attorney-General Nash, and W. C. Feimster for defendant, the State School for the Blind and Deaf.*

CONNOR, J.  Mary E. Hass died in Catawba County, North Carolina, on or about 30 March, 1923.  On 21 August, 1894, she executed a paper-writing sufficient in form to constitute, and purporting to be her last will and testament.  This paper-writing has been duly probated as her last will and testament, first in common form by the clerk of the Superior Court of Catawba County, and, thereafter, upon caveat by plaintiffs herein, as heirs at law of Mary E. Hass, in solemn form by judgment of the Superior Court of said county.  Plaintiffs herein, and defendant, Frances E. Hass, are the heirs at law of Mary E. Hass,

deceased. Eliza M. Hass, a sister of Mary E. Hass, named as one of the legatees and devisees in said last will and testament, died prior to the death of the testatrix, Mary E. Hass.

The items of the last will and testament of Mary E. Hass, deceased, material to the consideration and decision of the questions presented by this appeal, are as follows:

"1. I will, devise and bequeath unto my beloved sisters, Frances E. Hass and Eliza M. Hass, after the payment of my debts and funeral expenses, including tombstones, all my property, both real and personal, to have, hold, use and possess the same, free from the control of all persons and jurisdictions whatsoever, during their natural lives, or the life of the survivor.

"2. It is my will and desire that whatever remains of my estate, after the death of my sisters, be paid to the authorities in control of the Deaf, Dumb and Blind Asylum of the State of North Carolina, for the use and benefit of the indigent children therein, born blind, of the Caucasian race. It is my will that my real estate be not sold, but that the rents and profits for ninety-nine years be paid to the authorities aforesaid, for the blind children aforesaid.

"3. I hereby exclude L. J. Hass, his heirs or devisees from any and all share or interest in my estate.

"4. Upon my death, I direct my executor, hereinafter named, to collect all debts due me, and after paying funeral expenses as aforesaid, and costs of executing this will, he is to pay over and deliver whatever remains to my sisters or the survivor."

The executor named in said will died prior to the death of the testatrix. The personal estate of the said Mary E. Hass, deceased, was administered by defendant, J. A. Gaither, as her administrator *c. t. a.* He has paid all the debts of the testatrix, and all the costs and expenses of administration. He has duly filed his final account as administrator *c. t. a.* of said Mary E. Hass, and has paid to defendant, Frances E. Hass, the sum of $1,200, in accordance with the provisions of Item 4 of said will.

At the date of her death, the said Mary E. Hass was seized in fee and in possession of a tract of land containing 125 acres, situate in Catawba County, on the hard-surfaced highway about two miles south of the town of Newton. Defendant, Frances E. Hass, has entered into possession of said tract of land, claiming a life-estate therein, under the provisions of Item 1 of said will. She has cut and sold valuable timber from said land. Plaintiffs, as heirs at law of Mary E. Hass, allege that the cutting and sale of said timber from said land by defendant, Frances E. Hass, was unlawful and wrongful; they demand judgment that they recover of said Frances E. Hass damages for such unlawful and wrong-

ful cutting, contending that as heirs at law of Mary E. Hass, they are the owners, and entitled to possession of said land, notwithstanding the paper-writing which has been probated as the last will and testament of Mary E. Hass, or, if this contention is not sustained, in any event, that they are the owners of an estate in remainder in said land, after the death of Frances E. Hass, and that the defendant, the State School for the Blind and Deaf, at most, has only an estate for years therein, after the death of Frances E. Hass, the life tenant, under the will. Manifestly, the right of plaintiffs to recover damages of defendant, Frances E. Hass, for cutting and selling timber from the land described in the complaint, involves the question presented by this appeal, with respect to the title to said land. The answer to this question must be determined by a construction of the last will and testament of Mary E. Hass. The court below, in accordance with its opinion as to the proper construction of said will, ordered, decreed and adjudged as follows:

"1. That under said will the defendant, Frances E. Hass, takes and is entitled to a life estate in all the property of which the said Mary E. Hass died seized and possessed.

"2. That under said will the defendant, the State School for the Blind and Deaf, takes and is entitled to an estate in fee simple absolute, in remainder, after and upon the termination of the said life estate of the said Frances E. Hass, in and to all the property of which the said Mary E. Hass died seized and possessed.

"3. That the second sentence in Item 2 of said will is an attempted restraint upon the alienation of said property, and that the same is therefore void and of no effect, and that upon the death of Frances E. Hass, the defendant, the State School for the Blind and Deaf, will obtain and have full title in fee simple absolute to said property, and full control thereof without restraint or restriction upon its use, sale, or other disposition.

"4. That the plaintiffs have no right, interest or title in and to any of the property of which the said Mary E. Hass, died seized and possessed."

It was thereupon further adjudged that plaintiffs and the sureties on their prosecution bond pay the costs of this action to be taxed by the clerk.

Upon their appeal from the foregoing judgment to this Court, plaintiffs rely upon assignments of error, based upon their exceptions to findings of fact made by the trial court, and also to certain portions of said judgment. They did not except to that portion of said judgment in which it is adjudged that Frances E. Hass, under the will of Mary E. Hass, takes and is entitled to a life estate in all of the property of which

the testatrix died seized and possessed, including the land from which it was admitted that she had cut and sold valuable timber.

At the date of the execution of the last will and testament of Mary E. Hass, to wit, 21 August, 1894, there was no corporation or institution in existence, having as its legal name, or official designation, "The Deaf, Dumb and Blind Asylum of the State of North Carolina." Plaintiffs, therefore, contended that Item 2 of said will, by which the testatrix expressed her will and desire that whatever remained of her estate, after the death of her sisters, named in Item 1, be paid to the authorities in control of said asylum, is void, for that "said paper-writing undertakes to bequeath and devise property and land to an alleged institution, which in fact does not now exist, and which never has existed."

With respect to this contention, the court found the facts as follows:

"3. Upon a consideration of all the evidence, the court further finds that the defendant, the State School for the Blind and Deaf, is the same corporation and entity which on 21 August, 1894, had the official title and designation of 'The North Carolina Institution for the Education of the Deaf, Dumb and the Blind,' and that by the expression 'The authorities in control of the Deaf, Dumb and Blind Asylum of the State of North Carolina,' in Item 2 of the said last will and testament of Mary E. Hass, deceased, the said testatrix intended and meant 'The North Carolina Institution for the Education of the Deaf, the Dumb and the Blind,' now the defendant, 'The State School for the Blind and Deaf.' "

In *Ryan v. Martin,* 91 N. C., 464, speaking of a deed in which the grantee was a corporation, *Merrimon, J.,* said: "A corporation name is essential, but the inadvertent or mistaken use of the name is ordinarily not material, if the parties really intended the corporation by its proper name. If the name is expressed in the written instrument, so that the real name can be ascertained from it, this is sufficient; but if necessary, other evidence may be produced to establish what corporation was intended. And the same rule applies to devises and bequests to corporations. A misnomer of a corporation has the same legal effect as a misnomer of an individual."

Upon this authority it might well have been held that no evidence was required to show that the institution, to the authorities of which the testatrix willed and desired that whatever remained of her estate, after the death of her sisters, should be paid, was the institution theretofore established and then maintained by the State of North Carolina, for the education of children therein, born blind, for the court would take judicial notice of the existence of such institution, under its statutory name. However, evidence was offered by the defendant, the State School for the Blind and Deaf, to the effect that in 1894, and for many

years prior thereto, there was an institution in North Carolina, located in the city of Raleigh, the capital of the State, bearing the statutory name of "The North Carolina Institution for the Education of the Deaf, the Dumb and the Blind," but popularly known, throughout the said State as "The Deaf, Dumb and Blind Asylum." This was then and is now the only institution in the State of North Carolina, either public or private, established and maintained for the education and care of blind children of the white race. The legal name, or official designation of said institution has been changed, from time to time, by statute. It is now a corporation under the name and style, as prescribed by statute, of "The State School for the Blind and Deaf," and is under the management and control of a board of directors and superintendent. C. S., 5872.

Plaintiffs excepted to the evidence offered by the defendant and to the finding of the facts as above stated, upon the ground that it did not appear that the testatrix, a resident of Catawba County, ever knew or spoke of the institution at Raleigh. She was, however, a citizen of the State, and the evidence to the effect that the institution at Raleigh was generally known, throughout the State, as the "Deaf, Dumb and Blind Asylum," was sufficient to support the finding that she intended and meant said institution when she used the name appearing in Item 2 of her will. The principle upon which extrinsic evidence is held to be admissible to identify the legatee, devisee or beneficiary named in a will, where there is a latent ambiguity, is stated and applied in *Ladies Benevolent Society v. Orrell, ante,* 405. This principle is well settled by authoritative decisions of this Court, as applicable not only to wills, but also to deeds. *Gilbert v. Wright, ante,* 165; *Gold Mining Co. v. Lumber Co.,* 170 N. C., 273; *Keith v. Scales,* 124 N. C., 497; *Tilley v. Ellis,* 119 N. C., 233. The distinction between a patent ambiguity and a latent ambiguity, and the principle upon which evidence is admissible in the latter case, but not in the former, to show the intent of the parties to a written instrument, is discussed in the leading case of *President, etc., of the Deaf and Dumb Institute v. Norwood,* 45 N. C., 65, by *Pearson, J.* Plaintiffs' assignments of error based upon their exceptions to the admission of evidence, over their objections, to show that testatrix, Mary E. Hass, by the use of the words "The Deaf, Dumb and Blind Asylum of the State of North Carolina" intended and meant the institution now bearing the name, prescribed by statute, of "The State School for the Blind and Deaf," and to the finding of facts with respect thereto, cannot be sustained, either upon principle or upon authority.

Plaintiffs further assign as error that portion of the judgment in which it is ordered, adjudged and decreed "that under said will defendant, the State School for the Blind and Deaf, is entitled to an estate in

fee simple absolute, in remainder, after and upon the termination of the said life estate of the said Frances E. Hass, in and to all the property of which the said Mary E. Hass died seized and possessed."

By Item 1 of the said will, all of her estate, both real and personal, is devised and bequeathed by the testatrix to her sisters, during their natural lives, or the life of the survivor. Item 2 of said will deals with, and expresses the will and desire of the testatrix with respect to whatever remains of said estate, after the death of her said sisters. It is clear, we think, that testatrix, in Item 2, was dealing with and disposing of the same estate as that which she had by Item 1 bequeathed and devised to her sisters for life, excepting only so much thereof as had been consumed by her said sisters during their lives. This exception manifestly is applicable to the personal estate only. It is her will and desire that the real estate which she had devised to her sisters for life, should at their death, or at the death of the survivor, go to the authorities in control of the Deaf, Dumb and Blind Asylum of the State of North Carolina, for the use and benefit of the indigent children therein, born blind, of the Caucasian race. There was no error in the construction of said will, by which it was ordered, adjudged and decreed "that defendant, the State School for the Blind and Deaf is entitled to an estate in fee simple absolute, in remainder, after and upon the termination of the said life estate of the said Frances E. Hass, in and to all the property of which the said Mary E. Hass died seized and possessed." This construction of said will is supported by the decision in *Foil v. Newsome,* 138 N. C., 115, on defendant's appeal. It is said in the opinion in that case: "The presumption that a testator intended not to die intestate in regard to any part of his estate is strengthened by the use of language so inclusive as that found in this item of the will." The words "my estate" used in the first sentence of Item 2 of the will in this case is all inclusive, and embraces both real and personal estate.

It follows from the foregoing decision that there was no error in further adjudging "that the plaintiffs have no right, interest or title in and to any of said property of which the said Mary E. Hass died seized and possessed."

Inasmuch as upon a proper construction of all the provisions of said will defendant, the State School for the Blind and Deaf, is the owner of the property, both personal and real, absolutely and in fee simple, of which Mary E. Hass was seized and possessed, at her death, subject only to the life estate of Frances E. Hass, in the same, plaintiffs, heirs at law of Mary E. Hass, have no right, title, interest or estate in and to the land from which the said life tenant has cut and sold valuable timber; the plaintiffs, therefore, cannot maintain an action to recover damages for the cutting and sale of said timber. Defendant, the State School for

the Blind and Deaf, alone can maintain such action, and recover of the life tenant damages, if any have resulted from such cutting and sale of timber by her.

The second sentence in Item 2 of said will, to wit: "It is my will that my real estate be not sold, but that the rents and profits for ninety-nine years be paid to the authorities aforesaid for the blind children as aforesaid," if construed as an attempt to restrain the alienation of the real estate, devised in fee to the defendant, the State School for the Blind and Deaf, is of no legal effect and is void in law. *Latimer v. Waddell,* 119 N. C., 370. These words may be construed as merely expressing the wish of the testatrix, without any intention on her part to affect the title to or estate in the land devised in fee simple to defendant, the State School for the Blind and Deaf, for the use and benefit of the indigent children of the State, born blind, of the Caucasian race. *Springs v. Springs,* 182 N. C., 484; *Carter v. Strickland,* 165 N. C., 69. But however these words may be construed, there was no error in the judgment that said words have no legal effect with respect to the title to said real estate devised to defendant, the State School for the Blind and Deaf. The said defendant holds title to the land described in the complaint in fee simple as trustee for the indigent children of the State, born blind, of the Caucasian race. This is a charitable trust and is valid. *Ladies Benevolent Society v. Orrel, ante,* 405; Public Laws 1925, ch. 264.

Plaintiffs' assignments of error are not sustained. The judgment is Affirmed.