ROSA LEE BLANKENSHIP; VELDA MAY BLANKENSHIP DUCKER AND EDWARD DUCKER, HER HUSBAND; JAMES FRANCIS BLANKENSHIP AND LOUISE NESBITT BLANKENSHIP, HIS WIFE; HILLIARD H. BLANKENSHIP AND THELMA BUMGARNER BLANKENSHIP, HIS WIFE; HOWARD N. BLANKENSHIP AND RUBY HARVEY BLANKENSHIP, HIS WIFE; AND CLARENCE BLANKENSHIP AND EDITH WRIGHT BLANKENSHIP, HIS WIFE, v. WILLIAM CLAYTON BLANKENSHIP AND MARION McCURRY BLANKENSHIP, HIS WIFE; AND ARTHUR LEE BLANKENSHIP AND OMA OWENBY BLANKENSHIP, HIS WIFE; AND JAMES HENRY BLANKENSHIP, INTERVENER, BY ORDER OF COURT.

(Filed 19 September, 1951.)

1. **Curtesy § 1—**

The common law right of curtesy is declared and defined by statute in this State. G.S. 52-16.

2. **Curtesy § 4—**

A husband may forfeit or release his right of curtesy. G.S. 52-13.

3. **Same—**

Where husband and wife enter into a deed of separation in which she releases all rights in certain lands to him, including her dower right, and he releases "all rights" that he might have "in any estate" in the lands allotted to her or belonging to her at her death, the instrument is sufficient to constitute a valid and effective release of his right of curtesy in her lands, notwithstanding the fact his right of curtesy was not specifically named, the word "estate" as used being comprehensive enough to include lands.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by respondents and intervener James Henry Blankenship from *Patton, Special Judge,* February Term, 1951, of BUNCOMBE. Affirmed.
Petition for partition of land.

The only question presented by the appeal is whether the intervener James Henry Blankenship was entitled to an estate by the curtesy consummate in the lands described in the petition.

The material facts were not controverted. Six of the petitioners and two of the respondents are the children and only heirs at law of Lanie

Blankenship who died seized of the lands described, 4 December, 1945. James Henry Blankenship was the husband of Lanie Blankenship and the father of her children. The husband and wife separated in 1940 and continuously thereafter lived separate and apart from each other. In 1944 they executed in proper form a deed of separation, each releasing all rights in the property of the other, the husband James Henry Blankenship agreeing that "the party of the first part (the husband) hereby releases all rights that he may have in any estate of the party of the second part which she may have at the time of her death, and he hereby renounces any right of administration thereon." Again in the same instrument the intervener James Henry Blankenship released and quit-claimed to his wife "all his right, title and interest" in and to the property described in the petition.

Upon consideration of the pleadings and the separation agreement the court below adjudged that James Henry Blankenship was not entitled to an estate by the curtesy consummate in the lands described, and remanded the cause to the clerk for further proceedings according to law. Respondents and intervener James Henry Blankenship excepted to the judgment and appealed.

*Oscar Stanton and Pangle & Garrison for appellants.*
*R. R. Williams and Robt. R. Williams, Jr., for appellees.*

DEVIN, C. J. Tenancy by the curtesy is a development of the common law and in North Carolina the rights of the husband, and limitations thereon, are declared and defined by statute G.S. 52-16. It is a right which the husband may forfeit by specified acts of misconduct or which he may release by a separation agreement. *Thompson v. Wiggins,* 109 N.C. 508, 14 S.E. 301; *Garrett v. Kirtley,* 97 W. Va. 484; 35 A.L.R. 1526; 49 A.L.R. 148; 15 A.J. 148; 25 C.J.S. 54. A release by the husband of his right of tenancy by the curtesy in his wife's lands by properly executed contract with his wife is expressly authorized by statute, G.S. 52-13, with the added provision that such release may be pleaded in bar of any proceeding to recover the rights released.

The only question here is whether the language in the separation agreement between James Henry Blankenship and his wife Lanie Blankenship is sufficient to constitute a valid release and effective to bar his right to tenancy by the curtesy consummate in the lands described.

The agreement was between husband and wife who had been living separate and apart for several years and was for the final adjustment of their property rights. By it the husband obtained the wife's release to certain lands, and the husband released his rights in other lands to her. There were valuable considerations moving to each. True, the wife's

release specifically mentioned dower while in the release of the husband tenancy by the curtesy was not specifically named, but we cannot conceive it was the intention of the parties in executing this final settlement of property rights that the wife should release all her rights in the lands passing to him while he retained a contingent right or interest in lands conveyed to her. We think the language of the separation agreement that the husband released "all rights" that he might have "in any estate" of his wife at her death is sufficient to support the conclusion that a release of his right of tenancy by the curtesy was intended. The word "estate" as here used is comprehensive enough to include land. Black's Law Dictionary; *Hass v. Hass,* 195 N.C. 734 (740), 143 S.E. 541; *Powell v. Woodcock,* 149 N.C. 235, 62 S.E. 1071; *Foil v. Newsome,* 138 N.C. 115, 50 S.E. 597.

We conclude that the court below has ruled correctly, and that the judgment rendered must be

Affirmed.

VALENTINE, J., took no part in the consideration or decision of this case.