Gaston, J.
 

 We are decidedly of opinion that the demurrer in this case was properly overruled. There can be no question but the purpose, to which the testator has appropriated the funds, of which an account is demanded by this bill, the establishment “of a free school or schools, for the benefit of the poor of Duplin County,” is one approved by the law as a public charity ; and it is too late to contend, since the decision of the case of
 
 Griffin
 
 v
 
 Graham,
 
 that the establishment of a permanent fund for charitable uses comes within the mischiefs of a perpetuity, or is prohibited either by our Constitution or the common law as such.
 
 Griffin
 
 v
 
 Graham,
 
 1 Hawks 96. It was held by the majority of the Court in that case, that, independently of the Statute of Elizabeth, wherever there was a trust and trustee, with general
 
 *16
 
 or specific objects of charity pointed out, a Court of Equity in this State might, as a matter of trust, take cognizance of it in virtue of the ordinary jurisdiction of that Court. But W6re ^ not so>'no' caíl now be entertained, since express- jurisdiction over such subjects has been conferred on. the Court, and the mode of exercising that jurisdiction has been directed by the Acts of 1831, c. 24, s. 6. and 1832, c. 14, s. 2, 3, 4. (Rev. Stat. c. 18.)
 

 It seems to us also very clear, upon an examination- of the will, that the testator has devoted to this public' charity, not merely what might remain of the money, bonds, notes, and accounts that should be on hand at the time of his death, but the
 
 net
 
 proceeds of all his estate. The will commences with the injunction that his debts and funeral expenses shall be satisfied out of his estate by his executors. It proceeds to give particular directions for the sale of his various tracts of land, which he carefully enumerates and describes; It then makes a specific bequest of a negro to each of his nephews, Robert Dickson and James McGowen. The testator then gives a; legacy of $>500 to his nephew, James Dickson, to be paid in notes, if so much in possession at the time of his death, and if not, then to be raised out of the sales of his estate ; and afterwards proceeds to give special directions as to the sale of the residue of his negroes, and of the remaining part of his estate, consisting of“ horses, cattle, hogs, and sheep, household and kitchen furniture of every description, and ail binds of crop and produce.” He orders that his executors shall collect the money arising from the sales as soon os may be,- and that, “ should there be any money, bonds, notes, or accounts on hand at the time of his decease,” the executors shall account for them, and concludes the dispositions of his .will thus.' “And after paying out all expenditures that may have accrued heretofore, or may hereafter accrue, the net proceeds are then to be kept and put by my executors to the use of a free school or schools, for the benefit of the poor of Duplin County.” The construction set up on the part of the defendant i-s too absurd t-o receive-our sanction. It supposes,- in the first place, that the testator has ordered the great bulk of his property tobe sold, aud made no disposition of
 
 *17
 
 the proceeds. In the second place, that he has directed a free school or schools to be established out of a fund, in re gard to which he doubted whether any such would exist at his death, and which, at all events,; he supposed would be inadequate to pay the legacy of $500 specifically charged upon it. No one, we think, can reasonably doubt, but that by the terms “ net proceeds,” he meant the net proceeds of the subject matter of his will, all the property embraced therein; that is to say, all that should remain thereof, after satisfying his debts, the previous legacies and the expense of executing the will.
 

 The remaining ground of demurrer is equally unfounded. The trust admitted by the demurrer is an express, direct trust, confessedly open and unexecuted. No length of time operates as a bar to a demand by the
 
 cestui que trust
 
 against the -trustee, founded on such a trust, and-, therefore, no length oí time can be pleaded or made the ground of demurrer to such a demand.
 
 Falls
 
 v Torrance, 2 Hawks, 490. 4 Hawks 412.
 
 Tate
 
 v
 
 Greenlee, 2
 
 Hawks, 486.
 

 This opinion must be certified to the Court below, with directions to proceed with the cause. And there should be a judgment here against the appellant and his sureties for the costs of this Court.
 

 Per Curiam, Ordered and decreed accordingly.