Ruffin, C. J.
 

 The plaintiff is the wife of the defendant, James Goodrum, and her mother, Elizabeth Upton, bequeathed several slaves to her as follows; “I give
 
 to
 
 my daughter, Elizabeth L. Goodrum, wife of Jas. Good-rum, for her sole and separate use and maintenance and to be disposed of as she desires, a negro woman named Nelly, a boy Willis and a girl named Mahaly and their increase,” and she appointed the defendant,. Whitson, her executor. The bill is filed by the plaintiff by her next •friend against the executor and the husband, and alleges, that the testatrix left personal estate more than sufficient to pay her debts and all charges, exclusive of the slaves, .and that the executor retains them because there was no trustee appointed in the will, to whom he can convey them as trustee, and to settle a conveyance by the executor for
 
 *314
 
 for the separate use of the plaintiff; while the husband claims them, inasmuch as there is no other trustee though the plaintiff deems him an unfit person to have the management of the property, for the reason that he is an imprudent and needy man and much involved in debt to persons who already threaten to seize the slaves for his debts. The prayer is, that the plaintiff may be declared to be equally entitled to the slaves, as her separate estate and subject to her disposition, exclusive of any control or power of the husband and not liable to his debts, and that in order that she may thus enjoy them, the executor may be desired to convey the slaves to some fit person, as trustee, in trust for her, as her separate estate, by a proper conveyance to be directed by the Court.
 

 The defendants answer and admit the allegations of the bill to be true, and submit to any proper decree, and the cause is heard on bill and answer, and a copy of the wili exhibited with the bill.
 

 The construction to be given to the will is perfectly settled. The words “sole and separate use” are those most appropriate to create a separate estate in a married woman independent of her husband.
 
 Porter
 
 v.
 
 Brooks,
 
 9 Ves. 583. Indeed each of those terms “separate” and “sole,” has by itself been deemed sufficient for that purpose, and, especially, when coupled with that of “ disposition ” by the wife.
 
 Adamson
 
 v.
 
 Armitage,
 
 19 Ves. 419, and
 
 Exparte Ray,
 
 1 Mad. Rep. 199. Here all those expressions are united, and it is clear, they create a separate and equitable estate in the wife. Of course, they would not be allowed to fail for the want of a trustee. The ex exutor would be held to be the trustee, if necessary. But as he is not expressly appointed to that office, and the parties seem to prefer some other person, it will be referred to the Clerk to report a fit person, other than the husband,
 
 *315
 
 the separate use of the plaintiff; with the usual powers of disposition and appointment by her, and also with proper limitations over, for the want of disposition, or appointment by the plaintiff.
 

 PeR Curiam.