## ANNIE W. MILLER. *v.* THOMAS ATKINSON.

A devise and legacy to "Bishop Thomas Atkinson, Bishop of North Carolina, and his heirs," "in trust for the poor orphans of the State of North Carolina, and the said Bishop and his successors to have the right to select such orphans," &c., "and he shall direct and control said trust in the best way for the support of said orphans, and the formation of their morals and education," creates a trust for a specified object, in behalf of a definite class, and is valid, at all events during the life of Thomas Atkinson.

The difficulties suggested as likely to occur on the death of Thomas Atkinson, in reference to the exercise of a choice of beneficiaries among the "poor," &c., may be obviated by intervening legislation; the distinction being that where the trust is void because its objects are too indefinite there can be no aid by legislation; but where the objects are sufficiently definite and the trust is valid, the Legislature may interfere to remove any difficulty in regard to limiting the number and selecting the "orphans"—that being merely secondary and rendered necessary by the proportions of the fund given.

(*Griffin* v. *Graham*, 1 Hawks. 96, *State* v. *McGowan*, 2 Ire. Eq. 9, cited and approved.)

CASE-AGREED between the parties, adjudged by *Russell, J.* at Spring Term 1869, of the Superior Court of NEW HANOVER.

The case stated that the defendant was in possession of certain land described therein, and claimed a right to certain moneys by virtue of the following clause in the will of the late T. J. Hill:

"I give and bequeath unto Bishop Thomas Atkinson, Bishop of North Carolina, and his heirs and assigns, my house and lot in the town of Wilmington, North Carolina, my present residence, together with the tract of land of twenty acres, purchased from James S. Green, from and after the death of my wife, and from and after the term of her natural life, in trust for the use and benefit of the poor orphans of the State of North Carolina; and the said Bishop and his successors to have the right to select such orphans as shall receive benefit under this trust and bequest; and he shall direct and control said trust in the best way for the support of said orphans, and the formation of their morals and education as to him may seem best. And I do also give and devise and bequeath unto the said Bishop Thomas Atkinson and his executors and administrators, for the same trust and purposes as above set forth, the sum of ten thousand dollars, to be paid to him or to his successors to this trust by my executors, from and after the death of my wife aforesaid, and not till then, and no right or interest is to accrue to the same for and during the term of her natural life, but to be paid from and after the termination thereof and not till then."

The question submitted to the Court was, "whether the defendant holds said real estate, and is entitled to said legacy of ten thousand dollars in trust and for the purposes set forth, or whether the trusts are void?"

His Honor having decided in favor of the defendant, the plaintiff appealed.

*Strange,* for the appellant, cited and remarked upon *Griffin* v. *Graham,* 1 Hawks, 96, *State* v. *Gerard,* 2 Ire. Eq. 210, *Holland* v. *Peck, Ib.* 255, *White* v. *University,* 4 Ire. Eq. 19, *Bridges* v. *Pleasants, Ib.* 30, *McCauley* v. *Wilson,* 1 Dev. Eq. 276, 1 *Baptist Association* v. *Hart's Ex'rs.,* 4 Wheat. 1,

—and submitted, that as the devisee in trust, as described in the will, was neither a natural person nor a corporation, the Court could not deal with him; and further, that as the class of cestury que trusts was indefinite, and depended for identification upon the discretion of the trustee as described; they did not constitute such a party as could appeal to the Court for the substitution of a proper trustee.

*Person, Moore* and *W. H. Battle & Sons,* contra, cited, besides the cases mentioned in the brief for the appellant, *State* v. *McGowan,* 2 Ire. Eq. 9, *Witman* v. *Lex,* 17 Serg. & R. 88, *Ex parte Cassell,* 3 Watts 440, *Morrice* v. *Bishop of Durham,* 10 Ves. 522, *Girard will case,* 2 How. U. S. 127, Const. of N. C., Art. 11, Sects. 7 and 8, *McDonough's Ex'rs.* v. *Murdoch,* 15 How. U. S. 367, *Person* v. *Cary,* 24 How. U. S. 486, *Stanly* v. *Colt,* 5 Wall. 119.

PEARSON, C. J. The legal estate being in the defendant, (see *Davis* v. *Atkinson, ante* 210,) there is no difficulty on that head; so the case turns on the validity of the trust.

It is insisted that the trust is so indefinite that it cannot be executed, and is for that reason void. Without taking upon ourselves the labor of discussing all of the cases on "charitable trusts," and determining whether there is not some conflict, we think it enough to say, that if there be any seeming conflict, it is in reference to the application of the principle, not to the principle itself; for it is taken to be settled in all of the cases, from the leading case of. *Griffin* v. *Graham,* 1 Hawks 96, to the end of the list, that a charitable trust is not too indefinite, *provided the objects* of the trust are certain, or can be made so; and provided the *purposes of the trust* are indicated with enough certainty to enable the Court to see that there may be "ways and means" to give effect to them.

1. The objects of this trust are "The poor orphans of the State of North Carolina." This is a class of persons. The individuals who compose it can be identified, so it is a *definite* class, and the first condition is met. Inasmuch as the fund

was not adequate for the support of the whole class, power is given to Thomas Atkinson, Bishop of North Carolina, and his successors, to select such orphans as shall receive benefit under the trust, and thus limit the number according to the fund. It is objected, "Thomas Atkinson and his successors" is not a corporation known to the law, and cannot take this agency and control in reference to the fund. This objection may be disposed of in two ways. The provision is secondary and ancillary merely, in reference to the objects of the trust. So, supposing it inoperative, still there is the definite class as objects of the trust, and the trust itself is not void on that ground. But at most, the objection can have no application during the natural life of Thomas Atkinson. He may make his selection, and limit the number of orphans during his administration of the fund. It will be time enough at his death to make the objection that his successor cannot exercise the power, because he is not known to the law, and his heirs cannot do so, because the testator has not entrusted them with it.

As suggested by the learned counsel for the defendant, this difficulty may be removed by legislative action, as was done in respect to the "Griffin fund," and the "Rex fund." Such legislation may reasonably be counted on, this trust being in furtherance of the injunction set out in the Constitution, Art. XI, sec. 7 and 8, for "the establishment of one or more orphan houses, where destitute orphans may be cared for, educated and taught some business or trade."

But it is said the General Assembly has no power to give such aid, because it will defeat vested rights of the heirs, or of the residuary legatees. That doctrine has no application to our case. The distinction is this: When the trust is void because the objects are too indefinite, there can be no aid by legislation; but when the objects are sufficiently definite and the trust is valid, the Legislature may interfere to remove the difficulty in regard to limiting the number and selecting the orphans; because that is secondary, and aid is needed only by reason of the fact that the fund is not large enough to benefit all of the objects. But the heirs-at-law and residuary legatees

as we have seen, have no interest; and because all "poor orphans" cannot take benefit, it by no means follows that some of them should not; indeed it would seem *the Courts* have power to give this aid, without resorting to the exploded doctrine of "*cy pres*" in cases of void trusts. However, the point will not be presented in the life-time of Bishop Atkinson.

In *Griffin* v. *Graham, supra,* the objects of the trust are "orphan children," or the "children of poor and indigent parents who are unable to educate them." So the class is broader than in our case, and there was the same difficulty, that after the death of the trustees named, no provision was made for limiting the number of children or making selections, yet the trust was held to be valid, notwithstanding the fact that this secondary or auxiliary provision fell short of the duration of the trust.

In *State* v. *McGowen,* 2 Ire. Eq. 9, a trust for "the poor of the County of Duplin" was held valid, although no secondary or auxiliary provision was made at all, because it came within the principle that the objects of a trust are sufficiently certain when they constitute a class composed of persons who can be identified.

2. The *purposes* of the trust are "the support of said orphans and the promotions of their morals and education." This is as definite as the nature of the subject admits. "Support" means to furnish food, clothes and a place to sleep—there can be no indefiniteness as to the promotion of their morals and education. In short, the purposes of this trust are much the same as those set forth in the Griffin will.

The plaintiff's counsel takes a distinction in this: there, *a place* was designated, "two acres of land to be selected in some convenient part of the town of Newbern,"—here, no place is designated. We are unable to see how the want of a designation in respect to the place can affect the principle. Suppose Griffin's will had said "two acres at some convenient place in the county of Craven," or "in the State of North Carolina;" that would not have made the purposes of the trust less definite. But it seems to us, that in our case a place is designated: The

house and lot in the town of Wilmington, or if that be not suitable for the purpose, then a suitable building may be erected on the "20 acres of land, east of the town of Wilmington, on the plank road."

The Court declares its opinion to be, that the trust mentioned in the pleadings is valid. There will be a decree to this effect, and the plaintiffs will pay the costs.

PER CURIAM.                    Decree accordingly.