H. T. CHANDLER et al. v. COUNTY BOARD OF EDUCATION.

(Filed 3 June, 1921.)

1. Trusts — Charitable Trusts — Schools — School Districts—Counties— Board of Education.

It appearing from the bequests in the will that the testator's principal purpose was to improve the public schools of his county, a devise in remainder of lands "for public school purposes," to "be cared for well and properly by the school committee of said district; manage it and apply the proceeds to keep the public school forever": *Held*, sufficiently certain in its terms to be sustained as a charitable trust, with the right, under the supervision of the board of education, to change the location of any schoolhouse, if for the best interest of those in the district.

2. Same—Statutes—Subdivision of Districts.

Where a bequest of the rents or income from lands is sufficiently definite to sustain a charitable trust for public school purposes of a certain district under the supervision of the board of education, the trust is not

impaired by the fact that, under a later law, the district was subdivided into other districts, for then the proceeds of the land must be apportioned among the new districts comprising the old one.

### 3. Same—Particular Schoolhouses.

Where, during his life, a testator was actively interested in the public schools of his district, and has built, with the assistance of others, a schoolhouse therein, and dies, leaving by will the income of the remainder in certain lands for public school purposes of his district, without special reference to the schoolhouse he himself has built, an order requiring that the proceeds be applied to the maintenance of this particular schoolhouse alone is erroneous.

APPEAL by both parties from *Horton, J.,* heard on case agreed, from PERSON.

This is a controversy without action submitted under section 626 of Consolidated Statutes, for the purpose of obtaining a construction of certain sections of the last will and testament of John C. Terrell, deceased, and settling certain controversies which have arisen by reason of a devise to Cunningham School District.

John G. Terrell, late of Person County, died in April, 1897, leaving a last will and testament devising certain land to Cunningham's School District in Person County, "for public school purposes," after the expiration of his brother's life estate therein, and providing that it must "be cared for well and properly by the school committee of said district; manage it and apply the proceeds to keep the public school forever." Cunningham's School District, at the time of the execution of said will, and also at the time of the testator's death, was public school district No. 6, for white children in Person County, whose boundaries were well known to the testator. Before making his will the testator caused the center of said district to be located by survey, and, with the assistance of some of the other residents of the district, he erected at such central point a two-room school building called Terrell Academy. The testator was himself a resident of said district, and was greatly interested in said school. Some time after 1 July, 1897, Person County was redistricted according to township lines under chapter 108, Public Laws 1897, and Cunningham's School District was abolished as a public school district, and has not since been recognized as a public school district of Person County, but since the death of Thomas D. Terrell, brother of the testator, to whom a life estate in said farm was given, and whose death occurred in May, 1907, a school open free of charge to all the white children in said district has been maintained by the rents from said farm, which range from $750 to $1,200 per year, at said Terrell Academy, over which school the county board of education has exercised no control.

As public school districts are now arranged there are three districts which lap over into and together take up a part of the territory known as Cunningham's School District, in each of which districts a public school is kept by the county for a period of six months in the year, and the custom has been for such of the committeemen of these new districts as live in Cunningham's district to constitute a committee for the school at Terrell Academy, having charge both of the school and the farm. This committee appoints one of its number to manage the said farm, collect the rents, and pay the same out upon the order of the committee. These duties are now performed by G. B. Williams who, in addition to being appointed by the committee, has informal authority from the county board of education.

For some time questions pertaining to the proper application of the income from said farm have been agitated by people living in the said district, and the county board of education has determined to exercise whatever right and authority it may have with reference thereto. The plaintiffs and many others who agree with them have conceived the idea of enlarging the said school building and using the income from said farm as a nucleus for the establishment of a graded school or high school for the benefit of the white children of said district, said fund to be supplemented by such other fund as may be or may become available or as may be raised by the people of said district by taxation or otherwise. On the other hand, it is insisted by others that the county board of education should assume charge and control of said farm and divide the income therefrom among the public school districts which embrace Cunningham's School District, or, in its discretion, make such other disposition of it as may be deemed for the best interest of the said public schools.

His Honor entered judgment upon the agreed statement that the defendant has the right to take the farm referred to into its possession and manage the same through its agents, and also that the funds realized from the farm should be devoted to maintaining a public school open to all white children of the old Cunningham district at the Terrell Academy, and both plaintiffs and defendant appealed.

F. O. Carver for plaintiffs.
N. Lunsford for defendant.

ALLEN, J. The will of Dr. John C. Terrell shows that the principal purpose of the testator was to improve the public schools of his native county of Person, and this intent on his part is expressed in terms sufficiently certain to be sustained as a charitable trust. He lived in the Cunningham School District, and prior to his death had built therein

a schoolhouse called Terrell Academy. In his will he gives certain bequests to relatives amounting to $20,000 or $30,000, and then devises a tract of land of three hundred and fifty acres, subject to the life estate of a brother, to the Cunningham School District, and also to each school district in the county, numbering twenty-six or twenty-eight, except the Cunningham district, in which he had already built a schoolhouse, $300, for the purpose of building a schoolhouse in each district of the county, and the residue of the estate, amounting to $50,000 or $60,000, he gave to the schools of the whole county.

No mention is made in the will of Terrell Academy, and the proceeds from the land are given for "public school purposes," to be administered by the school committee of the district.

It is thus clear that under the conditions existing at the time of the death of the testator it was the duty of the school committee to use the farm and its rents for the school district, and not to keep up and maintain any particular school or schoolhouse, with the right, under the supervision of the board of education, to change the location of any house, if deemed for the best interest of those in the district, and this duty still exists, although it is made more difficult of performance because the Cunningham district has been discontinued and different parts of its territory have been given to four other school districts.

This does not, however, destroy the trust, and as the devise was made for the benefit of the children of the Cunningham district, the proceeds of the farm must be apportioned among the districts of which the old Cunningham district is a part, in proportion to the number of children of the old district in each of the four districts.

It follows, therefore, that there is no error on the plaintiffs' appeal, and that that part of the order requiring the proceeds from the farm to be used in maintaining the Terrell Academy School must be reversed.

Plaintiffs' appeal affirmed.

Defendant's appeal reversed.

WALKER, J., dissenting.