LADIES BENEVOLENT SOCIETY ET AL. v. E. A. ORRELL ET AL.

(Filed 4 April, 1928.)

1. **Wills—Construction—Nature of Estates and Interests Created—Devise of Full Beneficial Interest Carries Title.**

   A devise of the full beneficial interest in lands in trust as the rents and profits therefrom, vests the title and right of possession in the trustee, when not in conflict with the law against perpetuities, and when there is no clearly expressed intent of the testator that the lands and the income are to be separately regarded.

2. **Wills—Construction—Designation of Devisees—Ambiguity—Extrinsic Evidence—Charitable Trusts.**

   Where there is ambiguity in the terms of a will as to the identity of the beneficiary of a charitable trust, extrinsic evidence of identification may be liberally shown, when not in conflict with the terms of the written instrument.

3. **Same—Words Creating Trust.**

   A devise of all the income and profits of lands in trust for a charitable organization of a certain church "to be used by the stewards of the church in defraying the expenses of the institution" is a sufficient designation of the stewards of that church as trustees for the execution of the trust contemplated by the instrument, and to vest in them the title and right of possession for its purposes.

4. **Trusts—Construction and Operation—Court May Appoint Trustee for Charitable Trust.**

   Where a charitable trust is created by a written instrument the court may appoint a trustee, in the exercise of its equitable jurisdiction, to execute the trust when the instrument fails to designate one, or the one designated fails or refuses to act, or one may be appointed under the provisions of our statute, C. S., 4023.

APPEAL by plaintiffs from *Devin, J.,* at December Term, 1927, of NEW HANOVER. Remanded.

*McNorton & McIntire and Rountree & Carr for appellants.*

ADAMS, J. The controversy turns upon the construction of the following paragraph in the will of the late Thomas R. Radcliffe: "My beloved wife Mildred LaTreille Radcliffe to have and to hold all of my personal property, furniture, jewelry, bonds and everything except such as hereinafter bequeathed; she is also to have for the period of her natural life the income from rents from my real estate situate in the city of Wilmington, county of New Hanover, and State of North Carolina, and also of any property or interests that I may acquire subsequent to this

will.  My wife aforementioned is not to sell or dispose of any of the said real estate, and upon her death I bequeath the income from it to the Old Ladies Home, a charitable institution in Wilmington, North Carolina, attached to Grace Methodist Episcopal Church of that city. This income shall, in case of my wife's death, be used by the stewards of said church in defraying the expenses of said institution, and shall be known as the 'Robert S. Radcliffe Fund.' "

The testator died on 10 March, 1892, seized of six lots in the city of Wilmington, which are the subject of this controversy; his will was probated on 19 March, 1892; his wife died on 15 October, 1926.  The Ladies Benevolent Society, which was incorporated by the General Assembly in 1852, was authorized to sue and be sued, to acquire and transfer property, and to make by-laws for its government.  The plaintiffs allege in effect that this Society is a benevolent organization engaged chiefly in maintaining the Old Ladies Home, now known as the Catherine Kennedy Home; that pursuant to its policy and in compliance with its rules the church named in the devise periodically elects a board of stewards for conducting its temporal affairs; that the plaintiffs, other than the Ladies Benevolent Society, are members of this board; and that the income from the several lots in controversy was devised after the death of Mrs. Radcliffe to the Ladies Benevolent Society or to the board of stewards for the use and benefit of the Catherine Kennedy Home.  It is alleged also that the defendants claim an interest in these lots, some as the paternal and some as the maternal heirs of the testator, and that certain of the defendants are in possession of a part of the property. The defendants introduced no evidence, and the only issue was whether the plaintiffs are entitled to the income from the real estate described in the will.  The jury returned an affirmative answer and the plaintiffs tendered a judgment declaring the Ladies Benevolent Society to be the owner in fee and entitled to the immediate possession of the lots described in the will, to be held in trust for the Old Ladies Home, or the Catherine Kennedy Home.  The judge declined to sign this judgment, but rendered another adjudging that the Ladies Benevolent Society is the owner of the income from the devised property.  The plaintiffs excepted and appealed upon error assigned in the record.

It is regarded as settled that within the limits of the rule against perpetuities and in the absence of a clear intention to separate the income from the principal an absolute devise of the income from land passes the land itself.  The rule, founded perhaps on the feudal law, was thus expressed by *Lord Coke:* "If a man seized of lands in fee by his deed granteth to another the profits of those lands, and to have and to hold to him and his heirs, and maketh livery *secundum forman chartæ,* the whole land itself doth pass; for what is the land but the profits

thereof; for thereby vesture, herbage, trees, mines, and all whatsoever parcell of that land doth passe." Coke on Littleton, 4 b; Jarman on Wills, 1297; Page on Wills, secs. 846, 1023; *South v. Alleine,* 91 Eng. Reports, 202; *Doe v. Lakeman,* 109 *ibid.,* 1054, 1057; *Reed v. Reed,* 9 Mass., 372; *Green v. Biddle,* 8 Wheaton, 1, 76, 5 Law Ed., 547, 566. It is a rule which has survived the system on which it is said to have been based and in proper cases is generally applied in determining titles to real property. In *Perry v. Hackney,* 142 N. C., 368, this Court cited and approved authorities to the effect that the words "all my rent," "rents, issues, and income," and similar expressions were sufficient to pass real estate—a principle adhered to in *Haliburton v. Phifer,* 185 N. C., 366. We are of opinion, therefore, that the devise of the income passed the real estate from which the income is derived.

After giving his wife the income for life and forbidding her disposition of any of the lots, the testator devised the income to the Old Ladies Home. The appellants introduced evidence that the testator knew and spoke of this "charitable institution" as the "Old Ladies Home," though it was sometimes referred to as the "Old Ladies Rest," and that there is no other such institution in the city. It is perfectly obvious, both from his specific designation of the institution and from his expressed desire to defray its expenses that the testator intended, after the death of his wife, to provide for the Old Ladies Home as the special object of his bounty; and his purpose should not be defeated for want of an organized or corporate entity. One of the contested points is whether the Catherine Kennedy Home, founded by the Ladies Benevolent Society, is the Old Ladies Home maintained under another name; and pertinent to this question is the well-known principle that extrinsic evidence is admissible in explanation of a latent ambiguity. *Gilbert v. Wright, ante,* 165. "Where the description of the beneficiary is ambiguous, the court allows considerable latitude in the admission of extrinsic evidence to identify such beneficiary, although such evidence cannot be used to contradict the terms of the will. A very common form of misnomer or misdescription of a beneficiary is found where testator attempts to make a devise or bequest in favor of a corporation, generally a religious or charitable institution. In such cases, where either the name or the description given in the will corresponds in part to the name or description of any existing corporation, extrinsic evidence of the relation of testator to such corporation is admissible as tending to show his intention to devise or bequeath property to such corporation. Where the name of the beneficiary corporation, as given in the will, does not correspond to the name of any corporation in existence, it is always admissible to show testator's acquaintance with, and interest in, an existing corporation or institution which corresponds in some re-

spects, either in name or description, to that spoken of in the will." Page on Wills, sec. 1418; *Tilley v. Ellis,* 119 N. C., 233; *Keith v. Scales,* 124 N. C., 497; *Gold Mining Co. v. Lumber Co.,* 170 N. C., 273. Moreover, it is provided by statute that no gift, grant, bequest, or devise shall be invalid by reason of any indefiniteness or uncertainty as to the objects or beneficiaries of such trust. Laws 1925, ch. 264. We see no reason for disturbing the verdict on the asserted ground that the beneficiary named in the will is not ascertainable.

We have said that a devise of the income from land ordinarily passes the land, but not always; it is otherwise if the testator expresses or indicates an intention inconsistent with the transfer of the legal title to the beneficiary—that is, if he indicates an intention to separate the income from the principal. As one of the usual modes of indicating such intention is by the appointment of a trustee, we are next to determine whether the testator made such appointment; and it may be admitted that he did not designate a trustee *eo nomine.* This, however, is not necessary; the designation of the trustee may be indirect or by implication; technical language is no more essential to the appointment of a trustee than to the declaration of a trust. If the duties imposed upon the person named involve the use of the devised property for the benefit of another, or if upon such person there is laid an obligation arising out of a confidence reposed in him faithfully to use the property according to such confidence, a trust is created, although the word "trustee" or the words "upon trust" are not used. 39 Cyc., 252; Perry on Trusts, sec. 2, 158. In the will the testator inserted the clause, "This income shall in case of my wife's death be used by the stewards of said church in defraying the expenses of said institution and shall be known as the 'Robert S. Radcliffe Fund.'" He thus reposes in the stewards the confidence that they will use the "income" for a definitely indicated purpose, and by implication creates them trustees of an express trust. For several reasons it does not follow from the evidence, under the principle heretofore stated, that a gift of the income passes the land to the Old Ladies Home or to the Ladies Benevolent Society: (1) the latter is not named in the will; (2) there is no evidence that the Old Ladies Home was an organized or corporate entity when the will was made; (3) the testator indicated a contrary intent by the terms of the devise.

It has been suggested that the board of stewards waived all claim to the property, and that the coplaintiff is entitled to it; but as a trustee's assent is not necessary to the validity of a trust and as his acceptance is presumed until he declines (26 R. C. L., 1274), we are not disposed to hold that such waiver is sufficient to divest the legal title. If the stewards decline to accept the trust, a trustee may be appointed either by virtue of the statute or by the Superior Court in the exercise of its

equitable jurisdiction. C. S., 4023, Laws 1925, ch. 264; *Goodrum v. Goodrum,* 43 N. C., 313; *Keith v. Scales, supra; Church v. Trustees,* 158 N. C., 119.

Our conclusion is that upon the death of Mrs. Radcliffe, the life tenant, the legal title to the several parcels of land embraced in the will and described in the complaint vested, not in the Ladies Benevolent Society, but in the board of stewards of Grace Methodist Episcopal Church, South, who shall hold the devised property as an express trust and apply the income therefrom (to be known as the "Robert S. Radcliffe Fund") in defraying the expenses of the Catherine Kennedy Home, formerly known as the Old Ladies Home, the "charitable institution" described in the testator's will. In this respect and to this extent the judgment of the Superior Court will be modified. It follows that the judgment tendered by the plaintiffs was properly declined.

We are not inadvertent to the jury's response to the issue as applicable to all the plaintiffs, but it is obviously inexpedient to incur the expense of another trial for the correction of a technicality on which the appellants do not insist.

The cause is remanded for judgment in conformity with this opinion.

Remanded.