W. T. WHITSETT ET AL. v. D. P. CLAPP ET AL.

(Filed 22 April, 1931.)

1. **Charities A c—Charity will not be declared void because for benefit of indefinite class where its purposes are sufficiently defined.**

A charity in its legal sense is a gift to be applied consistently with existing laws for the benefit of an indefinite number of persons, and it is the policy of this State, as indicated by our statutes, not to declare such gift void because created for the benefit of an indefinite class, and if the founder describes the general nature of the charitable trust he may leave details of its administration to duly appointed trustees. N. C. Code of 1927, secs. 4033-4035.

2. **Wills E f—Gift in trust for charitable purposes held not void for indefiniteness.**

Devises of property in trust to individual trustees by name for the purpose of "keeping up preaching" in a designated church and in churches of weak financial condition, and for "home missionary work" are held not to be void for indefiniteness, the purposes of the devises being sufficiently described and the trustees named therein being trustees of a religious organization whose duties relate to distribution of such funds.

APPEAL by the heirs-at-law or residuary devisees of D. P. Foust, testator, from *Schenck, J.,* at August Civil Term, 1930, of GUILFORD.

The testator died 20 July, 1911, leaving a will containing the following items:

Item 4th. I give and devise the sum of $300 annually to be paid to the trustees of Springwood Church for the purpose of keeping up preaching in said church, the money to be paid from the rent of my houses in Greensboro, N. C., the remainder of the rent of said houses after paying all taxes and all other expenses in keeping up houses, etc., shall be paid to the trustees of Orange Presbytery of the Presbyterian Church for the purpose of keeping up preaching in weak churches.

Item 5th. I give and devise all my notes, railroad stock and bank stock (not otherwise to be used as set forth above) the interest dividends shall be collected annually, and after paying all taxes and other

expenses the remainder of the interest dividends shall be paid to the trustees of Orange Presbytery of the Presbyterian Church to be used for Home Missionary work none of the principal shall be used only the dividends and the interest.

Item 6th. I give and devise my home tract of land of about 400 acres with all the building household and kitchen furniture, etc. to Margret I. Greeson to have and to hold to her use during her natural life provided she remains with us during our life at her death said lands etc. shall be rented out year by year for cash and after paying all taxes etc. the balance of the proceeds shall be paid to the Trustees of Orange Presbytery for the purpose of keeping up preaching in weak churches.

Item 8th. My will and desire is that the land known as the William Boon place of 198 acres shall be rented year by year for cash after paying taxes and all other expenses the surplus (if any) shall be paid to the Trustees of Orange Presbytery for home missionary work.

Mrs. Foust died 29 March, 1919, and Miss Margaret Greeson, a devisee in Item 6 of the will, died 24 November, 1921.

The plaintiffs qualified as executors on 27 July, 1911, and between 29 March, 1919, and 18 July, 1928, paid for the benefit of Orange Presbytery $15,275.24. Some of the buildings referred to in these items were located in a section of the city of Greensboro occupied by colored people and were condemned by the city. By reason of these and other circumstances, the plaintiffs applied to the court for a construction of the will to enable them to discharge the duties imposed upon them by the testator. Upon the pleadings and admissions of parties, Judge Schenck held:

1. That the testator, D. P. Foust, intended that the lands and part of his estate referred to in Items 4, 5, 6, and 8 of his last will and testament, and the income therefrom, be separately regarded.

2. That the beneficiaries, the trustees of Springwood Church and of Orange Presbytery, are known, fixed and definite parties, and the causes for which income from said lands and other property is to be expended are definitely designated in said last will and testament.

3. That the defendants, heirs at law of said D. P. Foust, have no interest in said property, or the income arising therefrom.

4. That under said last will and testament of said D. P. Foust, the plaintiffs, W. T. Whitsett and D. P. Clapp, are created trustees of an express trust, with full power and authority to execute the same by collecting all the rents, income and profits from the property referred to in said items 4, 5, 6, and 8 of the said last will and testament, and after the payment of taxes lawfully assessed and other expenses, including keeping up the property as directed in said will, the said trustees shall, from the income derived from the property described in item 4 of said will, pay to the trustees of Springwood Church the sum of $300

annually, and the remainder of the income from the property described in said item 4, and the income from the properties described in items 5, 6, and 8, shall be paid to the trustees of Orange Presbytery, to be used by them for the uses and purposes directed in said will.

5. That said plaintiffs, executors, and trustees, as aforesaid, are authorized, empowered and directed to do all other things necessary to preserve the estate entrusted to them, and in carrying out the trust imposed upon them under said last will and testament of said D. P. Foust.

Judgment accordingly and appeal by the residuary legatees.

*Frazier & Frazier for plaintiffs.*
*King, Sapp & King for Trustees of Orange Presbytery.*
*H. O. Koontz and Coulter & Cooper for appellants.*

ADAMS, J. The validity of the testator's direction for the support of Springwood Church is not doubted, but the items providing for "home missionary work" and for "keeping up preaching in weak churches" are assailed by the appellants for the alleged reason that no beneficiaries are named who are capable of claiming the trust estate. The plaintiffs allege that the provisions of the will are indefinite and uncertain, and the appellants seem to treat the allegation as equivalent to an admission that the devises are void; but the plaintiffs further allege that the testator's intent was to vest title to the property in themselves as executors and trustees for the purposes declared in the will, and that for the guidance of the interested parties a judicial construction of the will was essential. The question is whether the devises in aid of home missionary work and the maintenance of weak churches in Orange Presbytery are void for uncertainty.

In the legal sense a charity has been defined as a gift to be applied consistently with existing laws for the benefit of an indefinite number of persons. *Barden v. R. R.*, 152 N. C., 318. It was said in *Griffin v. Graham*, 8 N. C., 96, that there is no principle of law which forbids the appropriation of property to charitable uses since the power of alienation was introduced and that a devise to individual trustees by name for any lawful purpose has been deemed valid since the statute of wills without regard to the statute of 43 Elizabeth; and in *Keith v. Scales*, 124 N. C., 497, it was noted that the validity of charitable devises does not depend upon the question whether the latter statute is or is not in force in this State. The subject must be considered in connection with sections 4033-4035(c) and 3568-3572 of the Code of 1927. The trust created by the will in question is within the definition of a charity and should not be set aside merely because it was created for the benefit of an indefinite class. Trusts for public charity "may, and indeed must be for an indefinite number of persons; for if all the beneficiaries are person-

ally designated, the trust lacks the essential element of indefiniteness, which is one characteristic of a legal charity. If the founder describes the general nature of the charitable trust, he may leave the details of its administration to be settled by trustees under the superintendence of a court of chancery." *Russell v. Allen,* 107 U. S., 163, 27 Law Ed., 397.

In the case before us the trial court held that the executors are trustees of an express trust with power to collect rent, income, and profits, and to do whatever may be necessary to preserve the estate and execute the trust. The trustees of Springwood Church and of Orange Presbytery are beneficiaries with capacity to invoke the equitable jurisdiction of the courts, as are also the members of a board or department whose duty it is to raise funds for home mission work and the support of weak churches—churches whose maintenance is dependent upon financial aid. We are therefore of opinion that the trusts created by the will are not void, but are sufficiently definite to be enforced. Many of the authorities discussing the question have been collected in recent opinions of this Court and need not be reviewed at this time. *Benevolent Society v. Orrell,* 195 N. C., 405; *Holton v. Elliott,* 193 N. C., 708; *Trust Co. v. Ogburn,* 181 N. C., 324; *Chandler v. Board of Education, ibid.,* 444; *Keith v. Scales, supra.* That this conclusion conforms to our legislative policy is shown by a statute, recently enacted, which provides that no gift, grant, bequest, or devise, whether in trust or otherwise, to religious, educational, charitable, or benevolent uses shall be invalid by reason of any indefiniteness or uncertainty of the object or beneficiaries of such trust. Public Laws 1925, ch. 264, sec. 1; N. C. Code, 1927, sec. 4035(a). It may be noted that the bequests in *Thomas v. Clay,* 187 N. C., 778, and *Weaver v. Kirby,* 186 N. C., 387, are distinguishable from trusts created by the will in controversy. Judgment

Affirmed.