PAUL C. HUMPHREY v. BOARD OF TRUSTEES OF I. O. O. F. HOME
OF GOLDSBORO, NORTH CAROLINA.

(Filed 21 September, 1932.)

**1. Wills E h—Trust estate in this case held not void for failure of its
purpose.**

A trust fund created by will for the purpose of educating through high
school a girl inmate of an orphan asylum to be chosen by the board of
trustees from time to time does not fall into the residuary clause for
failure of the purpose of the trust on the ground that the State educated
orphan children through high school without charge under the provisions
of N. C. Code, 5604, 5446; since the statutes make the payment for the
education of the children in orphan asylums permissive only and only
for a six months term, and the fact that the State is performing part
of this duty does not relieve the trustees, it being their duty to select a
girl and pay for her tuition and books, etc.

**2. Same: Trusts A a—Terms of will in this case held sufficiently definite
to create charitable trust.**

The clearly expressed provisions of a will leaving in trust certain
personal property to the trustees of an orphan home and directing that
the income shall be used to educate one of its orphan girls through high
school as the money so derived may become available, is sufficiently
definite to establish a charitable trust.

**3. Same—Trust estate is not forfeited by failure of trustees to follow
directions, the remedy being by statutory action against trustees.**

The trustees of a charitable trust who violate the provisions of the
trust are subject to the procedure prescribed by statute, and where the
trust is created by will the trust estate is not forfeited in favor of a
residuary legatee solely upon the ground that the moneys derived have
been diverted to other uses than the testator intended. N. C. Code, 4033,
4034.

APPEAL by plaintiff from *Harris, J.,* at ....... ..... .. Term, 1932, of
WAYNE. Affirmed.

The material facts: Bertral Conrad Humphrey made and executed
a last will and testament on 20 May, 1926. She died on 29 September,
1927. The will and testament have been duly probated. Items 9 and 10
are as follows:

"9. I give to the board of trustees, I. O. O. F. of the State Orphans
Home, Goldsboro, North Carolina, all stocks that I may own at the
time of my death in Consolidated Gas Company, of New York, and
American Tobacco Company, and I direct that they use the dividends
and income only therefrom for the education, through high school of
one of the white girl inmates of said home, and such girl to be selected
by them from time to time as funds are available for such purpose.

10. All the rest, residue and remainder of my property, real and personal, which I may own or be in any way entitled to at the time of my death, I give and bequeath to my husband, Paul C. Humphrey."

The material parts of the complaint are as follows: "That the plaintiff is a resident of Wayne County, North Carolina; and that the defendant is a body corporate with its principal office in Goldsboro, Wayne County, North Carolina. That the plaintiff is informed and believes and upon such information and belief alleges that at the time of the death of Bertral Conrad Humphrey and also prior thereto, and also at all times since said death, the education through high school of all the inmates of defendant's orphanage was provided for by the State of North Carolina and paid for from taxes levied against the property and citizens of North Carolina; and that at such times the defendant incurred (and is now incurring) no expense in connection with the education through high school of any of its inmates; and that, therefore, the purpose contemplated in Item 9 of said will completely fails and the property referred to therein passes to the plaintiff as residuary legatee in said will. . . . That, furthermore, the plaintiff is informed and believes and upon such information and belief alleges that the defendant, by reason of the facts set forth in the preceding paragraph of this complaint, and further by reason of its election so to do, has not applied the income from said property to the education through high school of any girl inmate of its Orphan Home, but has applied said funds to other unrelated purposes; and that, by reason of this fact, if any trust ever existed in said will the same has been terminated; and that, therefore, the property referred to in Item 9 of said will passes to the plaintiff as residuary legatee. That on the ........ day of November, 1928, the defendants herein received the stocks of American Tobacco Company referred to in paragraph three of the complaint, said stocks consisting of thirty shares (old stock). . . . That, furthermore, the plaintiff is informed and believes that within a few months after the defendant received said stock of American Tobacco Company, the defendant, in direct violation of the terms of said will, sold said stock for a large amount of money, and placed the proceeds therefrom in the general endowment fund of the defendant; that by reason of this violation of the express terms of the will the defendant loses such right, if any, as it might have had to said property and that the same passed to the plaintiff as residuary legatee under said will. That the plaintiff is informed and believes and upon such information and belief alleges that by the sale of said property the defendant received at least the sum of $5,000; and that, if the defendant is permitted to retain said sum, it will be unjustly enriched at the expense of the plaintiff; and that, therefore, the de-

fendant is indebted to the plaintiff in the sum of $5,000, with interest from the ...... day of November,. 1928."

The defendant demurred: "That the complaint upon its face does not state a cause of action against the defendant and in favor of the plaintiff," etc.

The court below sustained the demurrer. The plaintiff excepted, assigned error and appealed to the Supreme Court.

*Kenneth C. Royall and Andrew C. McIntosh for plaintiff.*
*W. F. Evans and Dickinson & Freeman for defendant.*

CLARKSON, J. It is contended by plaintiff that the entire trust is void and that plaintiff, the residuary legatee, is entitled to the fund. We cannot so hold.

Plaintiff contends that the purpose of the trust cannot be carried out "for the education through high school of one of the white girl inmates of said home," etc., on account of the provisions of the statute.

The pertinent statutes are as follows: "Children living in and cared for and supported by any institution established or incorporated for the purpose of rearing and caring for orphan children shall be considered legal residents of said district in which the institution is located, and a part or all of said orphan children shall be permitted to attend the public school or schools of said district, and the extra expenses of teaching said children for six months in the public school or schools of said district may be borne as follows: Three-fourths of the extra expense for a term of six months of every year, as a result of the attendance of said children, may be paid out of the State equalizing fund and one-fourth out of the county fund, unless otherwise provided. Provided further, that the provisions of this section shall be permissive only, and shall not be mandatory." (C. S., 5604) (1919 chap. 301, sec. 1; 1927 chap. 163, sec. 1). N. C. Code, 1931 (Michie), sec. 5446. By Public Laws 1927, chap. 163, the provision for payment from an "equalizing fund" replaced a provision for payment from the State "public school fund." The last sentence making the section permissive and not mandatory was also added at this time.

The will of Bertral Conrad Humphrey shows that it was her purpose to provide for the education of one of the white girl inmates of the Odd Fellows' Orphans' Home at Goldsboro, N. C., and this intent is expressed in terms sufficiently certain that it can be sustained as a charitable trust. *Candler v. Board of Education,* 181 N. C., 444. The plaintiff does not question the clear meaning of the will, in this respect, but only maintains that it cannot be carried out. He bases his attack

entirely upon the statutes above mentioned, which provide: that three-fourths of the extra expense of teaching orphan children be paid out of the State equalization fund and one-fourth by the county, under which the board of education of Wayne County charges no tuition for children of the Odd Fellows' Home for a six months' term.

When the will of this good woman was executed, 20 May, 1926, the above statute provided that "expense of teaching said children for six months in the public school or schools of said district *shall be borne as follows,*" etc. Under chapter 163, Public Laws 1927, this has been changed *"may be borne as follows."* Further, the following is in said act of 1927 "Provided further, that the provisions of this section shall be *permissive only,* and *shall not be mandatory."* (Italics ours.) See N. C. Code (Michie), sec. 4035(a), 4035(c); *Whitsett v. Clapp,* 200 N. C., 647.

The contention of plaintiff is too narrow, the intention of the testatrix should be liberally construed to effectuate the purpose. The purpose is clear "I direct that they use the dividends and income only therefrom for the education, through high school of one of the white girl inmates of said home, and such girl to be selected by them from time to time as funds are available for such purpose. . . . All the rest, residue and remainder of my property, real and personal, which I may own or be in any way entitled to at the time of my death, I give and bequeath to my husband, Paul C. Humphrey."

The fact that another agency may be doing in part what defendant trustees are directed to do, does not relieve the trustees. The duty is placed on the trustees of defendant, not on the State of North Carolina. The fact that the State is performing this duty does not relieve defendant of a positive direction. It is clearly their duty to select the girl and pay for her tuition for a high school education and her books, etc. Then again, the statute, *supra,* only provides for six months—now usually the high school term is for nine months. Suppose the State should fail to provide the education under the statute, the duty being *permissive?* Is it possible that a narrow construction should be so placed on testatrix's intention, whereby, the special kindly object of her bounty, these girl inmates of the defendant orphanage, would be deprived of a high school education? We cannot in construing the will take such chances.

As to the other contention of plaintiff—all these matters are largely in the discretion of the trustees. *Washington v. Emery,* 57 N. C., 32; 57 A. L. R., 1119. The statute provides that it is the duty of defendant trustees to file account with the clerk of the Superior Court. N. C. Code, 1931 (Michie), sec. 4033. If the above section is not complied with, we find in section 4034 the following: "If the preceding section

be not complied with, or there is reason to believe that the property has been mismanaged through negligence or fraud, it shall be the duty of the clerk of the Superior Court to give notice thereof to the Attorney-General or solicitor who represents the State in the Superior Court for that county; and it shall be his duty to bring an action in the name of the State against the grantees, executors, or trustees of the charitable fund, calling on them to render a full and minute account of their proceedings in relation to the administration of the fund and the execution of the trust. The Attorney-General or solicitor may also, at the suggestion of two reputable citizens, commence an action as aforesaid; and, in either case, the court may make such order and decree as shall seem best calculated to enforce the performance of the trust."

The above statute provides a remedy, and if defendants have been derelict in their duty the statute is applicable. The pleading of plaintiff in regard to the violations under the terms of the will it seems that the above statutes are applicable under the facts and circumstances of the case. For the reasons given, the judgment of the court below is

Affirmed.