JULIAN A. WOODCOCK, JR., and BLANCHE B. WOODCOCK and JULIAN A. WOODCOCK, JR., Trustees Under the Last Will and Testament of JULIAN A. WOODCOCK, Deceased, v. WACHOVIA BANK & TRUST COMPANY, Executor and Trustee Under the Will of S. JOHNSTON WOODCOCK, Deceased.

(Filed 12 October, 1938.)

1. **Declaratory Judgment Act § 2a: Wills § 39—**

When a *bona fide* dispute exists between an executor and the beneficiaries under the residuary clause of the will as to the validity of a charitable bequest therein, action for the determination of the legal effect of the bequest is properly instituted under the Declaratory Judgment Act, ch. 102, Public Laws of 1931.

2. **Trusts § 1d—**

A charitable trust may be created for almost any purpose that tends to promote the well-being of social man unless forbidden by law of public policy, and the protection of animals is a permissive objective of a charitable trust.

3. **Same: Trusts § 8g—**

The English statute of charitable uses, 43 Elizabeth, ch. 4, prevailed in this State until superseded by C. S., 4033, and equities raised by chari-

table bequests have been administered by our courts, independent of the statute, in accord with applicable principles of equity.

**4. Trusts § 1d: Wills § 33h—Definiteness required in designating beneficiaries and purpose of charitable trust.**

Indefiniteness of the beneficiaries is a characteristic of charitable trusts, and designation of the purpose of the trust to benefit members of a class, with power in the trustees to select individuals of that class as specific beneficiaries is sufficient, but the purpose of the trust must be sufficiently definite and complete to be administered.

**5. Same—**

The doctrine of *cy pres* has no application in this State, and while the courts will seek to effectuate the intent of the donor of a charitable trust if his purpose is expressed with sufficient certainty, they will not undertake to substitute a similar trust for one that fails.

**6. Same—Charitable trust which leaves funds in uncontrolled discretion of trustees' donees held void for uncertainty.**

Testator bequeathed a certain sum to his executors to be held in trust, and paid out in twenty years "to such corporations or associations of individuals as will in their judgment best promote the cause of preventing cruelty to animals in the vicinity of Asheville." *Held:* Ch. 264, Public Laws of 1925, provides that a bequest for charitable purposes shall not be held void for indefiniteness of the beneficiary or because discretionary power is conferred upon the trustee to select and designate the beneficiary, while in the present case not only is the purpose of the trust indefinite and the beneficiaries unnamed, but the sum is left to the uncontrolled discretion, not of the trustees, but of the beneficiaries to be selected by the trustees, and therefore goes one step beyond the curative provisions of the statute, and the bequest must be held void for uncertainty.

APPEAL by defendant from *Johnston, J.,* at July Term, 1938, of BUNCOMBE. Affirmed.

This was an action by interested parties to construe the fourth paragraph of the will of S. Johnston Woodcock, deceased. From judgment for plaintiffs defendant appealed.

*Geo. H. Wright for plaintiffs, appellees.*
*Parker, Bernard & Parker for defendant, appellant.*

DEVIN, J.  S. Johnston Woodcock, a resident of Buncombe County, North Carolina, died 31 December, 1927, leaving a last will and testament wherein he named his brothers, Julian A. Woodcock and Rufus J. Woodcock, and the Wachovia Bank & Trust Company as executors. The question presented by the appeal concerns a bequest contained in the fourth paragraph of the will, in these words: "I then give and bequeath to my said executors the sum of $10,000, to be held in trust and paid out and appropriated by them within twenty years after my death, in entirety or in installments, principal and interest, to such corporations or

associations of individuals as will in their judgment best promote the cause of preventing cruelty to animals in the vicinity of Asheville."

It is admitted that distribution of the estate has not been made and that the trust referred to in paragraph four has not been set up or paid out. Both the personal executors, the brothers of the deceased, have died, one in 1936, and the other in 1937, leaving the defendant Bank & Trust Company the sole surviving executor. Those now entitled under the residuary clause of the will of S. Johnston Woodcock claim that the bequest in paragraph four is void and that they are entitled to have the amount of the fund distributed as part of the residue of the estate. The corporate executor, claiming the bequest to be valid, proposes to set aside the $10,000 fund to be paid out as provided in this paragraph of the will.

A case for a declaratory judgment, under the provisions of ch. 102, Public Laws of 1931, is thus made for the construction of paragraph four above quoted, and for the determination of its legal effect. The court below held that the bequest was void for indefiniteness and uncertainty, and that it was one which could not be executed by the corporate defendant.

The question arises, Can the bequest be upheld as a charitable trust? It was said in *Ould v. Washington Hospital,* 95 U. S., 303, that "a charitable use, when neither law nor public policy forbids, may be applied to almost anything that tends to promote the well-being of social man," and it has been uniformly held that a bequest for the protection of animals is classed as a charitable trust. *Minns v. Billings,* 183 Mass., 126; *Shannon v. Eno,* 120 Conn., 77; 66 A. L. R., 465; Bogert on Trusts, 1210; *Barden v. R. R.,* 152 N. C., 318, 67 S. E., 971.

Trusts for charitable uses are of ancient origin. The jurisdiction of courts of chancery in England was grounded upon the common law and the civil law, and upon this was engrafted the English statute of charitable uses, 43 Elizabeth, ch. 4, enacted in 1601. The principles of the English statute, defining and regulating the enforcement of charitable trusts, have been modified by statute in America, and the subject treated as one within the inherent powers of courts of equity. The statute of Elizabeth was in force in this State until superseded by our act concerning charities, now C. S., 4033 (*S. v. Gerard,* 37 N. C., 210), and the equities raised by charitable bequests have been considered by our courts and administered as part of their equitable jurisdiction, independent of the statute, and in accord with applicable principles of equity.

While one of the characteristics of charitable trusts, in addition to the expression of a definite charitable purpose, is the indefiniteness of the beneficiaries, as distinguished from a direct bequest, the instrument creating the trust must not be incomplete and must be capable of execution. With respect to the certainty with which the purposes of the trust

must be pointed out and the beneficiaries designated, there is lack of uniformity in the decisions of the courts, though it is generally held that if the instrument states the purpose of the charity in general terms and designates the beneficiaries who are to partake of the benefits as those of a class, conferring power on the trustee to select the individuals of that class, it will be upheld and enforced. But the purpose must not be so uncertain that it cannot be administered. 10 Am. Jur., 643.

It is needless to attempt to cite decisions from other jurisdictions upon the question of indefiniteness and uncertainty in charitable trusts. Many cases will be found collected and annotated in elaborate notes in 14 L. R. A. (N. S.), 1-155. This Court has considered the subject many times, and it is not always easy to draw the distinction between trusts held void for uncertainty and those sustained and held capable of enforcement. It is well settled, however, that the doctrine of *cy pres* has no application in North Carolina. The courts here will not undertake to substitute a similar charity for one that fails, their only purpose being to effectuate the will of the donor, if sufficiently expressed in the instrument.

In the following instances gifts of property for charitable uses were upheld: For the erection and maintenance of a schoolhouse for indigent scholars (*Griffin v. Graham,* 8 N. C., 96); "to the use of a free public school for the benefit of the poor of Duplin County" (*S. v. McGowen,* 37 N. C., 9); "to the poor of the county," lands to be held "as the wardens of the poor deemed advisable" (*S. v. Gerard,* 37 N. C., 210); to Bishop Atkinson for benefit of "poor orphans" to be selected by him (*Miller v. Atkinson,* 63 N. C., 537); for "poor children" to be designated by the trustee (*Newton Academy v. Bank,* 101 N. C., 483, 8 S. E., 174); for educating "poor mutes" (*School for D. & D. v. Institution for D. & D.,* 117 N. C., 164, 23 S. E., 171); to the Moravian Church for building church and school (*Keith v. Scales,* 124 N. C., 497, 32 S. E., 809); to "conserve, protect and beautify" certain land and "to erect an auditorium thereon" (*Trust Co. v. Ogburn,* 181 N. C., 324, 107 S. E., 238); "for public school purposes" to be cared for by school committee (*Chandler v. Board of Education,* 181 N. C., 444, 107 S. E., 452); land "for a home for the minister" (*Holton v. Elliott,* 193 N. C., 708, 138 S. E., 3), to trustees for education of a girl to be selected by them (*Humphrey v. Board of Trustees,* 203 N. C., 201, 165 S. E., 547).

In *Whitsett v. Clapp,* 200 N. C., 647, 158 S. E., 183, a bequest of a sum derived from certain rents to be paid annually to the trustees of a church for the purpose of keeping up preaching in said church, remainder of rents to trustees of Orange Presbytery for the purpose of keeping up preaching in weak churches, and bequest of income from another fund to be paid trustees of Orange Presbytery to be used for home missionary work, were upheld, the Court saying: "The trustees of Spring-

wood Church and of Orange Presbytery are beneficiaries with capacity to invoke the equitable jurisdiction of the courts, as are also the members of a board or department whose duty it is to raise funds for home mission work and the support of weak churches—churches whose maintenance is dependent upon financial aid. We are therefore of opinion that the trusts created by the will are not void, but are sufficiently definite to be enforced."

In *Miller v. Atkinson, supra,* the Court said: "A charitable trust is not too indefinite, provided the purposes of the trust are indicated with enough certainty to enable courts to see that there may be ways and means to give effect to them."

In *Benevolent Society v. Orrell,* 195 N. C., 405, 142 S. E., 493, and in *Hass v. Hass,* 195 N. C., 734, 143 S. E., 541, it was held the devise vested ownership in the beneficiary, as was also held in case of a deed in *St. James v. Bagley,* 138 N. C., 384, 50 S. E., 841.

In the following instances the gift was declared void as being too indefinite and uncertain to be enforced:

In *Holland v. Peck,* 37 N. C., 255, the bequest of a fund to be paid by executors for the benefit of the Methodist Episcopal Church, to be disposed of by the conference of members composing same as they shall "in their godly wisdom judge most expedient for the increase and prosperity of the Gospel." It was held unenforceable, the Court (opinion by *Gaston, J.*) saying: "The bequest was made to this body (M. E. Church) for carrying into effect an ulterior and higher purpose of the testator, that the money, the subject of this bequest, might be disposed of by the governing ministers of the church to such objects, and in such manner, as they should determine." It was held that this was a bequest upon trust which conferred an uncontrollable power of disposition on the ministers, which could not be carried into execution and was void.

In *White v. University,* 39 N. C., 19, a devise of property to executors "to be sold and proceeds laid out in building convenient places of worship for the use of all Christians" was held void. The Court there said, *Ruffin, C. J.,* speaking for the Court: "Gifts to public and charitable uses will be sustained in equity when not opposed to the express provisions or plain policy of law, provided the object is so specific that the Court can by decree effectuate it . . . by keeping the subject within the control of the Court so as always to have the will of the donor observed."

In *Bridges v. Pleasants,* 39 N. C., 26, a bequest of $1,000 "to be applied to foreign missions and to the poor saints, this to be disposed of and applied as my executor may think the proper objects according to the Scriptures," was held void, the Court saying: "A bequest for religious charity must, like others, be to some definite purpose, and to some

body or association of persons, having a legal existence, and with capacity to take."

In *Thomas v. Clay,* 187 N. C., 778, 122 S. E., 852, a bequest of property in the hands of trustee "to be invested by him in such worthy objects of charity as he shall determine upon as being in accord with what my wishes and tastes in that direction were when living," was held void for uncertainty.

In *Weaver v. Kirby,* 186 N. C., 387, 119 S. E., 564, it was held that the testator's request that his wife should devise the property bequeathed her "to the person or persons who have been kindest to us" was inoperative and void. It was there said, "A trust without a definite beneficiary, who can claim its enforcement, is void." See, also, *Haywood v. Craven,* 4 N. C., 360; *McAuley v. Wilson,* 16 N. C., 276; *Redmond v. Coffin,* 17 N. C., 437.

In *Dry Forces v. Wilkins,* 211 N. C., 560, 191 S. E., 8, it was held that a bequest to "any organization which may be organized for the purpose of enforcing prohibition laws in Gaston County" conferred an uncontrollable power of disposition and did not purport to create a charitable trust but to vest ownership, if there had been anyone capable of taking, citing *Hester v. Hester,* 37 N. C., 330; *St. James v. Bagley,* 138 N. C., 384; and *McLeod v. Jones,* 159 N. C., 74.

The general rule as to certainty in charitable trusts is stated in 10 Am. Jur., at page 654, as follows: "The rule is well settled that the scheme of charity must be sufficiently indicated or a method provided whereby it may be ascertained, and its object must be made sufficiently certain to enable the court to enforce the execution of the trust according to such scheme and for such object. It must be of such tangible nature that the court can deal with it."

The rule for the construction of gifts for charitable uses prescribed by the Act of 1925, ch. 264, has removed some of the objections to the enforcement of charitable trusts on the ground of uncertainty. This statute is in the following words: "No gift, grant, bequest or devise, whether in trust or otherwise, to religious, educational, charitable or benevolent uses or for the purpose of providing for the care or maintenance of any part of any cemetery, public or private, shall be invalid by reason of any indefiniteness or uncertainty of the object or beneficiaries of such trust, or because said instrument confers upon the trustee or trustees discretionary powers in the selection and designation of the objects or beneficiaries of such trust or in carrying out the purpose thereof, or by reason of the same in contravening any statute or rule against perpetuities."

From an analysis of the language of this statute, as applicable to the instant case, it is apparent that the rule of construction thus established

is that a devise of property in trust for a charitable purpose shall not be held invalid, (1) for indefiniteness or uncertainty of the beneficiary, (2) or because discretionary power is conferred upon the trustee to select and designate the beneficiary of such trust or in carrying out its purposes. The things affected by the statute are uncertainty of beneficiary, and discretionary power of the trustee to designate the beneficiary or to carry out the purpose of the trust. Here the fund was bequeathed to executors to be held in trust, and paid out within twenty years "to such corporations or associations of individuals as will in their judgment best promote the cause of preventing cruelty to animals in the vicinity of Asheville." It is apparent that the uncertainty and indefiniteness in the bequest extend not only to the beneficiary, that is, "to such corporations or associations" as the executors may select, not only to the discretionary power conferred on the executors to select the beneficiary, but the indefiniteness and uncertainty extend to the ultimate purpose of the trust, to "promote the cause of preventing cruelty to animals." By what means is the promotion of the cause to be effectuated? The executors are required to pay $10,000 to an unnamed nonexistent beneficiary for the indefinite purpose of promoting the cause of preventing cruelty to animals, with no directions to the corporation or association to be selected, or means of assurance that the ultimate recipient will use the fund for the purpose indicated, with no power of control or supervision over its administration. Not only is the purpose of the trust indefinite and uncertain, but the fund is left to the uncontrolled discretion, not of the trustees, but of the trustees' donee, one step further than the curative statute purports to extend. There is here no charitable organization with well-defined purposes and plans for the carrying out of benevolences, such as a church, a board of missions, school committee, or other established institution, capable of administering a trust of an eleemosynary nature.

"It is essential to a valid gift for a charitable use, not only that the gift be for a purpose recognized in law as charitable, but that the instrument creating the gift point out such purpose with reasonable definiteness and certainty." 11 C. J., 327.

Whatever purpose the testator may have had in mind is without guide, plan or scheme. The ten thousand dollar fund is left to the uncontrolled discretion of an unnamed recipient to be designated by the executor for the indefinite purpose of promoting the cause of preventing cruelty to animals.

For these reasons we conclude that the ruling of the learned judge of the Superior Court upon the question presented in the construction of the fourth paragraph of the will must be

Affirmed.