Trustees of the UNIVERSITY of N. C. v. JOHN GATLING and others Executors.

*Construction of  Will—Conditional  Bequest—Duty  of  Executors.*

Defendants' testator bequeathed to the University $5,000 in U. S. bonds, which he directed to be registered in the name of the trustees, declaring his desire to be that the fund should remain in that form, so long as it might be thought safe, regardless of the rate of interest derivable therefrom, and directing that the interest be applied to defraying the tuition at the University of the testator's own sons or of such students as his children or their heirs lineal might designate. The testator declared his purpose to be the endowment of five scholarships. The defendants insisted that the fund was inadequate, or was likely to become insufficient, to support the designated number of scholarships, and refused to turn it over, unless instructed by the court, until the legatee would undertake to make up any deficiency which might arise, or so reduce the charge for tuition as to meet the condition of the bequest, and sustain the five scholarships ; *Held,*

(1) That it was the duty of the executors to pay over the legacy without exacting any conditions.

(2) *Obiter.* The object of the bequest was an endowment of as many scholarships as the yearly interest might suffice to pay for at the then current rates of tuition at the University, and no more.

CONTROVERSY, for the Construction of a Will, submitted without action under C. C. P., § 315, at Spring Term, 1879, of WAKE Superior Court, before *Eure, J.*

Upon the clause of the will set out in the opinion, the court below held that the plaintiff was entitled to the bonds mentioned as an endowment of as many scholarships as the interest thereon from year to year may be sufficient to pay for at the then current rates of tuition at the University, and no more, the students who are to receive the benefits thereof to be selected as set forth in said clause; and adjudged that defendant executors pay the costs of the proceeding. From which ruling the defendants appealed.

*Messrs. Battle & Mordecai* and *Lewis & Strong,* for plaintiff:

The leading purpose of the testator as gathered from the will being to confer a bounty on the University, all minor considerations coming in the way must yield, and the primary purpose must prevail. *Lassiter* v. *Wood,* 63 N. C., 360; *Alexander* v. *Summey,* 66 N. C., 577; *King* v. *Lynch,* 74 N. C., 364; *Macon* v. *Macon,* 75 N. C., 376.

*Messrs. Gilliam & Gatling,* for the defendants.

SMITH, C. J. This is a controversy submitted without action upon a case agreed under C. C. P., § 315, the purpose of which is to recover a specific legacy given in the will of B. F. Moore, deceased, and to determine the conditions on which it is to be received.

The testator in the 29th clause of his will bequeathes as follows: "I give to the trustees of the University of North Carolina, five bonds of the United States, each bond of one thousand dollars, issued under the act of 14th July, 1870, and 20th July, 1871, payable in coin and redeemable at the pleasure of the government after the first day of May, 1881, numbered respectively 14,562, 14,563, 15,775, 16,485 and

16,486, and bearing five per cent interest payable quarterly, on the first days of February, May, August and November. Said bonds which are now registered in my name, are to be registered in the name of the trustees of the University of North Carolina. The interest which may become due on said bonds after my decease shall be received by the said University corporation as it may become payable, and shall be appropriated exclusively for the purpose of defraying the tuition at the University of my sons or of such students and for such periods of time as my children or their lineal heirs may designate; and in case of any disagreement between them as to the choice of the persons to be selected, or in case no selection be made as already provided, the selection shall be determined by the trustees of the University or the executive committee thereof: *Provided, however*, that any student who may be selected in the manner prescribed shall be subject to the same and like rules and regulations for their government as are provided generally for the government of the students of the University."

" It is expressly provided as one of the conditions of this donation, that the fund hereby donated shall not be subject, directly or indirectly, to any debt now due by the University, or which may hereafter become due by it; and it is provided also, that if at any time the regular exercises of the University should be suspended, so that the proper persons cannot be educated at the University, the income of the fund may be used during such suspension for education elsewhere of the persons selected. My purpose is to endow five scholarships with the donation; and I desire the fund to remain invested in United States bonds so long as they may be considered safe, without reference to the rate of interest; and if the fund should be otherwise invested at any time, I direct that it shall be on the safest and most reliable security."

The fund is insufficient, or may soon become so, to sup-

port the number of scholarships mentioned from the income and profit arising from the bonds or from any into which they may have to be converted bearing a lower rate of interest, under the operations of the treasury department of the United States, and the parties differ as to the obligations imposed on the legatee by their delivery. The plaintiff insists that the income must be applied, as far as it will go, in support of the five scholarships, but that the deficiency is not to be made up by the legatee, nor the charge of scholarships reduced below the established rate, in order to meet the condition of the bequest and sustain the proposed five scholarships.

The defendants insist that such is the testator's intention, the proper construction of the will and the effect of accepting the bonds. The case is intended to present this point for our determination.

In our opinion the question is not properly before us in this proceeding to recover the legacy. The unqualified right to demand, and the equally absolute duty of the exectors to deliver, if the estate permits, are clearly and unequivocally expressed in the will. The testator requires the five bonds specifically described " to be registered in the name of the trustees of the Univerisity of North Carolina," the interest becoming due after his decease to be received by the said University corporation, as it may become payable, and specifies how it shall be used and the mode of appointing the beneficiaries other than his own sons who have priority of right thereto. It is made one of the *conditions* of the bequest that the fund shall not be applied to the debts of the University, and if the beneficaries cannot be educated there, by reason of suspension of its exercises or other causes, the income shall be used for a similar purpose at some other educational institution. And in the last sentence of the clause, he declares his " purpose is to endow five scholarships with the donation."

Whatever trusts may attach from this declared purpose, and follow the transfer of the bonds to the plaintiff, it is manifest the office of the executors is performed by delivering them. They can impose no terms or conditions, nor exact any security for the discharge of the trusts, the duty of delivery being plainly declared in the words used. Those trusts must be enforced on behalf of the beneficiaries, if the plaintiff should at any time hereafter fail to carry them into effect. The relation of trustee and beneficiary is created between the legatee and those who are to reap the fruits of the legacy in their education. But while not before us, and while the rights of the beneficiaries cannot be affected by our opinion upon the question the parties intended to present, we feel at liberty to say we do not interpret the will as imposing an obligation in its nature perpetual on the plaintiff to make the income maintain the five scholarships, either by reducing the rates to a sum within the income, or by making up the deficiency out of other resources of the University, the effect of which would be to convert an intended bounty into a heavy and continued burden. The words indicate a wish that the funds may sustain that number of scholarships, but do not import a command that they shall do so, and annex it as an inseparable condition to the legacy itself. The testator's intent will be attained by a careful preservation of the fund in a safe, though small interest-bearing investment, and the application of its fruits to the education of as many as it will admit.

It is seldom that much aid can be derived from adjudicated cases in finding out the meaning and in giving effect to the varying words which testators use in disposing of their estates. The want of fixed forms of expression, and the infinite diversity of language employed, necessarily leave each will in a great degree to be interpreted by its own provisions. We think our construction carries out the gener-

ous purposes of the testator and is in full consonance with the pervading spirit of the entire instrument.

No error.                                        Affirmed.