THE STATE, DEFENDANT IN ERROR, v. ALBERT · J. ACKERMAN, DEFENDANT BELOW, PLAINTIFF IN ERROR.

Argued June 6, 1899—Decided November 13, 1899.

1. A plea of *autrefois acquit* at common law must be specially pleaded in writing, and must set out the former record of acquittal, also the identity of the offence and person by proper averments.

2. Under section 54 of the act entitled "An act regulating proceedings in criminal cases" (*Gen. Stat.*, p. 1119), and section 45 of the revision of the same act (*Pumph. L.* 1898, *pp.* 866, 882), the plea must still be in writing, but the averments of such plea need only be that the defendant has been lawfully acquitted of the offence charged in the indictment. The averments of the plea need not be any more specific than required by the statute.

3. The proper practice is for the state by replication to traverse the averments of the plea of *autrefois acquit* when in form provided by the statute, and conclude to the country, and if this be not done the traverse or *similiter* will be assumed, and the issue as made by the plea tried and determined.

4. The determination of the issue made by or joined upon such a plea must be determined by a jury, under the rulings of the court as to the admissibility of evidence and instructions to the jury upon matters of law.

5. The burden of proof is upon the defendant to support such plea by a preponderance of proof.

6. The judgment upon such plea upon the finding of the jury, if in favor of the defendant, is that he be dismissed and discharged of the premises contained in the indictment, and that he go without day; if the finding of the jury be against the defendant, then the judgment is answer over or plead anew generally to the indictment.

7. If in a plea of *autrefois acquit*, if the requisites of the statute be well pleaded—that is, that the defendant has been lawfully acquitted of the same offence charged in the indictment, and a demurrer by the state be interposed to such plea—then the plea stands admitted, and the judgment by the court must be in favor of the defendant, that he be discharged of the premises contained in the indictment and that he go without day.

On error to the Bergen Quarter Sessions.

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL and LIPPINCOTT.

For the plaintiff in error, *Hart & Hart.*

For the defendant in error, *Peter W. Stagg,* prosecutor of the pleas.

The opinion of the court was delivered by

LIPPINCOTT, J. This writ of error is directed to the Bergen County Court of General Quarter Sessions of the

Peace, to bring into this court for review the record and proceedings upon a certain indictment against the plaintiff in error, as defendant therein, for perjury. The indictment was presented in the Bergen Oyer and Terminer of the December Term, 1898, and from that court sent to the Quarter Sessions for trial.

A plea of not guilty was entered by the defendant in the Sessions. Afterwards leave was given for a withdrawal of this plea, and the defendant tendered an oral plea of *autrefois acquit*. The court refused to allow such oral plea, and directed the defendant to file the plea in writing with a verification. To this plea the prosecutor of the pleas filed a demurrer, and the defendant joined therein. The defendant demanded that the issue made by the special plea of *autrefois acquit* be tried by a jury. The court refused such a trial, and upon argument sustained the demurrer, but no entry of any formal judgment was made. By this writ the defendant seeks a review of these proceedings and the finding of the court.

Upon a plea of *autrefois acquit*, and upon a proper trial thereof and determination, if it be in favor of the defendant named in the indictment, the judgment is final; but if it be against the defendant, then it is in the nature of *respondeat ouster*, and he is allowed to plead over and have his trial for the offence itself. *Whart. Cr. Pr. & Pl.*, § 486.

If the issue be found in favor of the defendant, the judgment is that he be dismissed and discharged from the premises on the present indictment specified, and that he go thereof without day, and this judgment is final. 1 *Arch. Cr. Pr. & Pl.* (8th ed.), *Pomeroy's notes*, 350. No further steps under the indictment can be taken against him, and the judgment is equivalent to an acquittal. All this rests upon the principle that no man shall be more than once in peril for the same offence, and it is the former verdict which constitutes the bar. *Mount* v. *State*, 14 *Ohio* 295. The former verdict itself constitutes the bar. *West* v. *State*, 2 *Zab.* 212, 231; *Smith & Bennett* v. *State*, 12 *Vroom* 598; 1 *Arch. Cr. Pr. & Pl.* (8th ed.), *Pomeroy's notes*, 338, and cases cited.

The conclusion reached is that the writ of error must be dismissed because the record shows no judgment. All that appears in the record is the plea, the demurrer and joinder, and annexed is a transcript of the notes of the proceedings of the court upon the matter showing that after argument the court sustained the demurrer. The record in no sense shows the entry of any judgment whatever in the premises, upon which error will lie.

But questions have been raised and fully argued as to the proper procedure upon the plea of *autrefois acquit*, and it has been deemed proper to indicate the manner in which such a plea should be disposed of and the issue thereby raised determined.

Article 1, section 10, of the constitution of this state, provides that " no person shall after acquittal be tried for the same offence." *Gen. Stat., p.* 26.

The Criminal Procedure act of this state (*Pamph. L.* 1898, p. 882, § 45; *Gen. Stat., p.* 1131, § 54), provides that " in any plea of *autrefois convict* or *autrefois acquit*, it shall be sufficient for any defendant to state that he has been lawfully convicted or acquitted, as the case may be, of the same offence charged in the indictment."

It is contended in behalf of the defendant that the defendant under this statute can orally present the plea of *autrefois acquit*, but I do not conceive this is the proper construction of the statute. The statute provides what shall be a sufficient statement of the former acquittal in the plea. The plea itself is a plea to which the defendant was entitled in the absence of the statute, and at common law, and as such the lowest form of certainty would suffice, because it is a favored plea, yet it was always held that it must be in writing and must set out the former record, and show the identity of the offence and person, by proper averments, and this was always so held in the English courts until the passage of the statute of 14 and 15 *Vict., c.* 100, § 28, which is precisely the same as our own statute. 1 *Bouv. Dict.* 137 ; *Hawk. P. C.,*

*b.* 2, *c.* 36 ; *Stark Cr. Pl.* 363; 1 *Arch. Cr. Pl.* 347 ; 1 *Chit. Cr. L.* 462; 4 *Bl. Com.* 335; 11 *Verm. R.* 516.

The statute of 14 and 15 *Vict.* has always been considered as determining the form of the plea only. The plea at common law was a good special plea in bar to an indictment in the form then prescribed, and this statute relates only to the form of the plea which shall be considered as sufficient (1 *Arch. Cr. Pl.* 347), yet the plea must be, as at common law, in writing.

The usual replication when the record of the former acquittal was set out in the plea, was *nul tiel record.* But in the statutory plea the record need not be and is not set out. There can be no *prout patet per recordum,* and in criminal cases no such thing as a trial by the record, and as the trial in all cases must be by the country, a general traverse of the plea is the proper replication by the state, whenever it is intended to contest the former acquittal or conviction.

In many cases after the plea is presented the traverse is assumed. An examination of the record of the proceedings ordinarily reveals the fact that the plea has been tried without any formal replication at all, the general traverse or *similiter* being implied. *State v. Swepson,* 81 *N. C.* 511. But the better practice is for the court to require a formal replication of general traverse. This appears to be the practice laid down in all the cases in which the subject has been considered, and it is the general rule laid down by all the text-writers. 1 *Arch. Cr. Pl.* 348 ; 11 *Am. & Eng. Encycl. L.* 969, and cases cited.

In the case now under consideration the plea averred in apt and appropriate language, as an answer to the indictment found and presented to the court on December 20th, 1898, under which he was arraigned in this proceeding, that he had been formerly indicted, arraigned and tried for the same offence, under a good and valid indictment presented against him at the September Term, 1898 (a copy of which indictment was annexed to the plea), and that under such indictment he was arraigned, pleaded not guilty and was given a

trial by jury on November 10th and 11th, 1898 ; that evidence was taken on such trial ; that the jury was charged by the court and that the jury retired, and after due deliberation returned a verdict of not guilty, and that thereupon the defendant was lawfully acquitted of the offence charged in the former indictment, the offence and the person being the same in both indictments. A copy of the former indictment was annexed to the plea, which was verified by the oath of the defendant. The plea was sufficient, under the statute, in averring a prior lawful acquittal. It was also a good plea at common law.

It has been necessarily held that the plea of *autrefois acquit* is of a mixed nature and consists partly of record and partly matter of fact. The matter of record is the former indictment and acquittal. The matter of fact is the identity of the offence and of the person formerly indicted. 4 *Bl. Com.* 335.

Under the plea here presented with the statutory averments, the issue became one for a jury to determine, under proper instructions by the court as to the law. Wherever the offence charged in the two indictments are capable of being legally identified as the same offence by averments, it becomes a question of fact for the jury to determine, whether the averments be supported, or the offence be the same, and the replication should conclude to the country. *Whart. Cr. Pr. & Pl. (9th ed.)*, § 485.

It has been held under the common law plea, where it was necessary to set forth the former record, that under a replication of *nul tiel record*, that it was necessary to have a jury, but that the court can charge the jury that the plea is not sustained by the proof when that is the fact. *Hite* v. *State*, 9 *Yerg.* 357 ; *Whart. Cr. Pr. & Pl. (9th ed.)*, § 484.

The fact that in the former indictment the time of the commission of the offence is laid of a different date than in the indictment upon which the defendant is sought to be again charged, unless perhaps it be an impossible date, is not a fact under the statutory averments of the plea, that it is the same offence, such as to render the plea unavailable for the determi-

nation of the jury. The question under the averments is whether it is the same offence. The time as averred in the former indictment may or may not be a material fact in the issue; the test is, is it the same offence, and the fact of a different date must, along with other facts, be submitted to the jury. The variance of the time of the commission of the offence in the indictment, the precise accuracy of which is not material, cannot of itself change the rights of the defendant and subject him to a second trial. 1 *Leach* 448; 9 *East* 437; 2 *Hale* 224, 226, 247; 3 *Inst.* 318; *Hawk. P. C., b.* 2, *c.* 33, § 3; 12 *Pick.* 504; 13 *Mass.* 245; 2 *Hale* 179, 244.

The trial of the issue presented by the plea of *autrefois acquit* is like the issue upon plea of not guilty, triable by a jury only, under like procedure, except that the burden of the proof of the issue lies upon the defendant to establish the averments of the plea to the satisfaction of the jury by a preponderance of proof. 2 *Leach* 541; 1 *Arch. Cr. Pr. & Pl.* (*8th ed.*), *Pomeroy's notes*, 348; *Wortham* v. *Commonwealth*, 5 *Rand.* 669; *Commonwealth* v. *Daley*, 4 *Gray* 209. The defendant must establish the existence of the record, and, orally or otherwise, the averment of identity of the offence and person. *Whart. Ev.*, § 693; *Whart. Cr. Pr. & Pl.* (*9th ed.*), § 483.

In the trial of the issue what becomes a matter of law for the court, and what a matter of fact for the jury to determine, must be regulated by the general principles relating to the admission of evidence, the effect of documents and records, and as to instruction as to the law to be applied by the jury to reach a conclusion.

The demurrer which was presented to the plea of *autrefois acquit* raised no issue of fact to be tried. It admitted the truth of every fact, which either at common law or under the statute had been well pleaded. The only fact requisite to be pleaded by the defendant was that he had "been lawfully acquitted of the offence charged in the indictment." This averment was contained in the plea, and its truth was admitted by the demurrer, and not only was this so, but all the

other facts such as the averments of identity of the offence and of person were to be taken as admitted to be true. *Commonwealth* v. *Myers*, 1 *Va. Cas.* 188. When these facts were admitted as true by the state, by its demurrer, the judgment by the court could only be a final one in favor of the defendant—that is, that the defendant be dismissed and discharged of the premises in the indictment contained, and that he go without day (*Whart. Cr. Pl.* 188, and cases cited); and if the demurrer is insisted upon by the state, this is the proper judgment to be entered.

As the situation is revealed by the proceedings in the Sessions there appears to have been some misconception of the practice, therefore the state can, if so advised, withdraw the demurrer and go to the country upon a traverse of the plea of *autrefois acquit*.

The record brought up by this writ may be remitted to the Quarter Sessions that the cause proceed in that court according to law.