H. P. BRANDIS ET AL. v. HARRY McMULLAN, ATTORNEY-GENERAL.

(Filed 3 November, 1948.)

**1. Charities § 2—**

Judgment approving an exchange by the trustees of a church of land held by it in fee simple for land of equal value held by it under a trust, upon the court's finding that all interested parties had duly assented to the exchange, and that the exchange was advantageous to all the parties, is affirmed.

**2. Same—**

An exchange by a church of properties owned by it out of and into a charitable trust upon condition that the church continue to use the present church building and facilities rent free until a new church building could be erected will not be held invalid for indefiniteness or as subject to unlimited postponement.

ERVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant, guardian *ad litem,* from *Pless, J.,* May Term, 1948, of ROWAN.

Proceeding to obtain approval of exchange of real estate out of and into charitable trust.

Under the Will of Maxwell Chambers, who died in 1855, four lots in what is now known as the Parsonage Square in the Town of Salisbury are devised to the Elders of the First Presbyterian Church of Salisbury and their successors in office "in trust . . . for a parsonage," etc. Other lots in an adjacent square, now known as the Church Square, are devised to the same devisees for the use of said church, "reserving and withholding from them the right of selling the same or any part of them," and upon condition stated the lots in both squares are to "pass over and be-

come invested in the Trustees of Davidson College" in trust and on condition stated.

There are other lots in the Church Square which the First Presbyterian Church of Salisbury owns in fee simple, having acquired them from sources other than the Will of Maxwell Chambers. These lots owned in fee simple and the lots in the Church Square acquired under the Will of Maxwell Chambers constitute the entire square.

It is proposed to exchange the fee-simple lots in the Church Square for a portion of the Parsonage Square of equal value so as to bring the whole of the Church Square under the terms of the trust set up in the Will of Maxwell Chambers, "upon condition that the Church may continue to use the present Church Building and facilities rent free until a new church building can be erected on the Parsonage Square."

The trial court found that all interested parties had duly assented to the exchange; that the proposed exchange was advantageous to all parties, and approved the same.

From this adjudication, John C. Kesler, Guardian *Ad Litem,* excepted and appeals.

*Craige & Craige for Elders and Trustees of First Presbyterian Church of Salisbury, plaintiffs, appellees.*

*Neal Y. Pharr for Trustees of Davidson College, plaintiffs, appellees.*

*John C. Kesler, Guardian Ad Litem, defendant, appellant.*

Stacy, C. J. It will be observed that the portion of the Parsonage Square which the Trustees of the Maxwell Chambers Trust propose to exchange is not under the inhibition from sale or alienation as are the lots in the Church Square devised to the same devisees. *Brandis v. Trustees of Davidson College,* 227 N. C. 329, 41 S. E. (2) 833. Thus, on this record, and the determinations of the trial court the judgment approving the exchange will be sustained.

The suggestion of the guardian *ad litem* that the condition attached, "the church may continue to use the present Church Building and facilities rent free until a new church building can be erected on the Parsonage Square" is too indefinite and subject to unlimited postponement, was considered by the trial court and held to be insufficient to thwart the proposed exchange. We approve. *Reynolds Foundation v. Trustees of Wake Forest College* (Exception No. 6), 227 N. C. 500, 42 S. E. (2) 910.

The judgment will be upheld.

Affirmed.

Ervin, J., took no part in the consideration or decision of this case.